SUSAN C. ALBEE and others *vs.* SAMUEL HAYDEN.

September 25, 1878.

**Appeal—Review of Findings of Fact.**—Findings of fact by a court cannot be questioned, in the absence of a case containing a statement of evidence.

**Settlement of Action by Attorney with Special Authority.**—When an attorney of record for a party to an action, acting under specific instructions of his client, enters into a written stipulation settling the action and the matters in controversy, in exact accordance with such instructions, the party is bound thereby, though such stipulation may contain terms which the attorney, but for such special instructions, had no right under his general authority to make.

**Dams—Right of Flowage.**—The right to maintain a dam across a running stream at a given height includes, as an incident, the right of flowage necessarily caused by its maintenance.

The plaintiffs in this case are the widow and heirs-at-law of George C. Albee, deceased, and also Edward P. Mills and William H. Houlton, and they brought this action in the district court for Sherburne county, alleging that theretofore the present defendant brought suit in the same court against the present plaintiffs, (except Houlton,) to recover damages for injuries to real estate resulting from the erection and maintenance of a certain mill-dam by the defendants in that action, and for an abatement of such dam, in which action the plaintiff (now defendant) had a verdict for $475 damages and that the dam complained of be cut down six inches; that the action was removed to the supreme court by appeal from an order refusing a new trial; that pending such appeal, the present defendant brought another action in the same court against these plaintiffs (except Houlton) to recover damages for flowage of a part of the real estate involved in the first action; that this second action being at issue, and on the calendar for trial at the February general term, 1874, the present defendant, by his attorneys of record in the actions, made an agreement and stipulation with the defendants in such actions to compromise and settle the second action, then

pending in the district court, and the first action then pending and undetermined on appeal to the supreme court, which agreement is as follows:

[Title of action.] "It is hereby stipulated and agreed by and between the parties to the above-entitled action: In consideration of the agreements hereinafter specified to be kept and performed, and upon their performance by the defendants, the above-named plaintiff agrees to discontinue the above-entitled action, to acknowledge full satisfaction of the verdict or any judgment thereon, rendered in his, said plaintiff's favor, in an action pending between same parties in the same court, and which was tried before a jury in February, 1872, which said action is now pending on appeal in the supreme court, and also to permit, so far as he is concerned, the said defendants, their heirs or assigns, to maintain a mill-dam at the point mentioned and described in the complaint in each of said actions, with nine foot head of water at an ordinary stage of water in Elk River, the stream mentioned in said complaints: this permit and right to be evidenced and authorized in a binding manner. And in consideration of this stipulation and the aforesaid agreements to be kept and performed by said plaintiff, the said defendants agree that they will pay to said plaintiff the sum of $600, and will also, upon the said appeal case being remitted, discontinue and dismiss the same without delay. Each of the above-mentioned discontinuances and dismissals to be at the cost of the party dismissing and without statutory costs.

"Dated at Elk River, February 11, 1874.

"KERR & COLLINS,

Plff's Attys.

"HAMLIN & SEARLE,

Defts' Attys.

"EDWARD P. MILLS,

Defendant."

That such agreement was made, signed and entered into on the part of Hayden with full knowledge of its contents and

purport, and that Messrs. Ham'in & Searle and Edward P. Mills had full authority to make and sign it in behalf of the defendants in the two actions; that Hayden was present with his attorneys at the time the agreement was made, and knew and dictated the terms of the settlement; that the terms of the compromise and settlement, as stated in the agreement and stipulation, were expressly agreed upon and consented to by Hayden at the time the same was made, and he then and there expressly authorized and directed his attorneys to make and sign the agreement on his behalf, and they did so in virtue of such express authority, and in his presence.

That within a week or two thereafter, Hayden, through his attorneys, notified the defendants in such actions of his intention to disregard the settlement and of his refusal to perform his part of the agreement; that thereupon these plaintiffs duly tendered Hayden the sum of $600 on account of such compromise and in pursuance of such agreement, which sum he refused to receive, stating, as his sole ground of refusal, that his attorneys were not authorized to make the agreement.

That afterwards the order appealed from was affirmed by the supreme court, and judgment entered therein, on July 2, 1874, for costs and disbursements in that court, a transcript of which judgment was filed and docketed in the district court; that on July 31, 1874, judgment was entered in the district court in the first action, on the verdict rendered against the defendants therein and in favor of Hayden, for $815.44, the amount of the verdict with interest and costs, on which judgment execution was issued, on September 30, 1874, which execution the sheriff is about to enforce.

That the present defendant, Hayden, intends and threatens to prosecute to judgment the second action, which he agreed to discontinue, and threatens to bring numerous other suits against these plaintiffs, of like character and for the same cause; that they have no adequate remedy at law to protect themselves against the violation of the agreement by the defendant, who is destitute of property to satisfy these plain-

·tiffs for the damages they will sustain by reason of such vio-
lation; that they have fully performed the agreement on their
.part, and have ever been ready and willing and hereby offer
·to pay the defendant Hayden the $600 pursuant to the com-
promise and agreement, and herewith tender to him the said
·sum, and deposit the same in court for him.

That the defendant is still the owner in fee of the land
·described in the complaint in the first action; that about the
time of the making of the agreement, the widow and heirs of
·George C. Albee conveyed to the plaintiff Houlton all their
right, title and interest in and to the mill privilege and dam
mentioned in the complaints in the two former actions, and
the land on which the same then was and is now situated,
·ever since which time the plaintiffs Mills and Houlton have
been and now are the owners thereof.

The prayer for judgment is (1) that the defendant be ad-
judged specifically to perform his agreement, the plaintiffs
·offering to perform on their part; (2) that the execution in
the first action be set aside, and the judgment therein be
·decreed to be satisfied, and that the second suit be ordered to
be discontinued; (3) that the plaintiffs have the right to main-
tain their dam in accordance with the agreement; (4) that the
·defendant be enjoined from enforcing the judgments in the
first action, from prosecuting the second action, and from be-
ginning any further actions for damages on account of the
flowage of the land described in the complaint in the first suit,
in consequence of the maintenance of plaintiffs' dam at the
height permitted by the agreement.

The defendant, among other things, alleged that the agree-
ment of compromise was made by his attorneys without author-
ity, and without his knowledge or consent.

The action was tried before *McKelvy*, J., who found the facts
to be as stated in the complaint, and that at the time of the
trial the plaintiffs deposited in the court $600, for the use of
the defendant, being the amount due him under the agreement.
As conclusions of law, the court found that upon payment to

the clerk of the court by the plaintiffs of the sum of $600, for the use of the defendant pursuant to the agreement, to be paid to him upon his giving a receipt therefor, and upon filing with the clerk of the court the receipt of the clerk of the supreme court showing payment of the judgment in that court, the plaintiffs should have judgment as prayed in the complaint. The plaintiffs having complied with these requirements, judgment was entered accordingly, from which the defendant appealed.

*Wm. S. Moore,* for appellant.

*D. B. Searle* and *H. M. Atkins,* for respondents.

CORNELL, J. This is an appeal from a judgment entered upon the decision and order of the court before whom the action was tried without a jury, containing a special finding of facts, together with the conclusions of law therefrom. There is no case containing any statement of evidence, and hence no question can arise concerning the sufficiency of the evidence to support the findings.

The conclusions of law are clearly justified by the findings of fact, and the judgment is in accordance therewith. Whether, under the general authority belonging to an attorney of record of a party to an action to act for his client in reference to the matters in controversy therein, it was competent in this instance for Kerr & Collins, as such attorneys, to make and enter into the stipulation mentioned in the findings, and to bind their client, Hayden, to the agreement therein contained, need not be considered, for, upon the findings, based as it must be assumed upon sufficient competent evidence, it expressly appears that said stipulation and agreement were made, signed and entered into on the part of said Hayden with full knowledge on his part of their contents and purport; that he was present with his said attorneys at the time said agreement and stipulation were made, and had full knowledge of and directed the terms of the settlement, which, as stated in the stipulation, were expressly agreed upon and expressly consented to by him at the time; and that he then and there

expressly authorized and directed his said attorneys, Kerr &
Collins, to make and sign the same for and on his behalf, which
they then did, pursuant to such their said special authority
and instructions, and in his presence.   Under these circum-
stances, the defendant was bound by the stipulation and its
provisions.   The agreement "to permit the maintenance of
the dam at the height" therein specified included and gave
the right of flowage upon Hayden's land, to the extent neces-
sarily occasioned by its maintenance at that height.

The finding that "plaintiffs had duly performed all the con-
ditions precedent on their part, agreed by them in their said
agreement and stipulation to be done and performed," fully
disposes of the last point made by defendant in reference to
the failure of the plaintiffs in this regard.

According to our construction of the written stipulation,
Hayden, upon the payment of the $600, undertook to acknowl-
edge full satisfaction of the verdict in the action then pend-
ing on appeal in the supreme court, or any judgment rendered
thereon, without costs to the defendants in said action.

Judgment affirmed.