[Civil No. 2940.   Filed April 13, 1931.]

[297 Pac. 879.]

R. L. SMITH, Appellant, v. WASHBURN & CON-DON, a Copartnership Composed of F. L. WASH-BURN and J. W. CONDON, Appellees.

150

Mr. E. T. Cusick, for Appellant.

Messrs. Mathews & Bilby, for Appellees.

LOCKWOOD, J.—F. L. Washburn and J. W. Condon, copartners as Washburn & Condon, hereinafter called plaintiffs, in 1928 brought suit against R. L. Smith, hereinafter called defendant. The latter answered the complaint and filed a cross-complaint, which last plaintiffs answered. Thereafter certain depositions were taken and filed, and nearly fifteen months after the institution of the suit it was set for trial. Upon the date of the trial, January 21,

1929, plaintiffs appeared by their attorneys, Mathews & Bilby, and defendant appeared by his attorney, Ben C. Hill. The latter moved for a continuance of the case, and the court, after duly considering the motion, denied it, and ordered that the trial proceed, whereupon it was stipulated and agreed in open court between counsel that judgment be confessed and entered against defendant in favor of plaintiffs in the sum of two thousand dollars, and that the cross-complaint filed by defendant against plaintiffs be dismissed.

Thereafter, on July 12, 1929, defendant filed a motion to vacate and set aside the judgment, which was heard July 16th. Affidavits, documentary evidence, and oral testimony were introduced in support of the motion by defendant, and at the conclusion of his case plaintiffs offered evidence, but the court declined to hear it, and overruled the motion, and from the court's order to that effect this appeal is prosecuted.

There is but one question raised by this appeal, and that is whether or not the court abused its discretion in refusing to set aside and vacate its judgment. It is the ordinary rule of law that the action of the trial court in either refusing or granting a motion of this kind is discretionary, and will not be reversed by an appellate court except for abuse of discretion. 34 C. J. 365; 15 R. C. L. 720. The question then is whether such discretion was abused. In order to determine that, we must consider the facts leading up to the entry of judgment of January 21, 1929, as disclosed by the record before us.

It appears that plaintiffs at all times during the process of this proceeding up to and including the entry of judgment were represented by Messrs. Mathews & Bilby, and defendant was represented by Mr. Ben C. Hill, all being well known and reputable attorneys of Tucson. Negotiations had been under

way between the parties for a settlement and compromise of the case for a considerable period of time, and on the 8th of January Hill wrote defendant, informing him that plaintiffs' attorneys would not consent to a continuance, but were willing to agree that a compromise judgment might be entered in their favor. He advised the acceptance of this. On January 13, 1929, Hill wired defendant as follows:

"Bilby has agreed to take judgment for two thousand for purpose of fighting out garnishment with bank and take what he can get from bank in full satisfaction of judgment Stop As you only had one-third interest in amount garnished and Los Angeles Packing claims that I think it would be foolish not to accept Stop It will cost you more than that to fight the case Stop You have no chance to recover against them and trial will probably result in judgment for more than two thousand Stop Furthermore doubt if judge will grant continuance on showing I can make do not fool yourself Stop I recommend acceptance Answer to-day."

On the fifteenth defendant replied with the following telegram:

"Just a postponement if possible can get financial aid later on if not accept proposition as you advise mailing letter in regards to that other matter."

Thereafter on the 21st Hill moved for a continuance, which motion was resisted by plaintiffs' attorneys, and the court, after due consideration, overruled the motion, and thereafter judgment was entered by stipulation as set forth above.

It is contended by defendant that an attorney does not by the general authority arising out of his employment have an implied or inherent power to enter a retraxit or to compromise and settle his client's cause of action. This is undoubtedly true. *Preston* v. *Hill,* 50 Cal. 43, 19 Am. Rep. 647; *United States* v. *Beebe,* 180 U. S. 343, 45 L. Ed. 563, 21 Sup. Ct. Rep.

371. But, where express authority is given, the attorney may compromise any matter, and his action in so doing is binding upon his principal. *Trenton St. Ry. Co.* v. *Lawlor,* 74 N. J. Eq. 828, 71 Atl. 234, 74 Atl. 668; *Albee* v. *Hayden,* 25 Minn. 267. We are of the opinion that the two telegrams above quoted, taken together, show clearly that Hill was expressly authorized by his client to compromise the action upon the terms on which it was actually settled if he was unable to obtain a continuance. The record shows that he did endeavor to obtain such continuance, but that his request was denied by the court. It would appear to us that his action in compromising the matters involved in the suit was binding upon his client.

It is urged by defendant, however, that his attorney did not in good faith use all reasonable endeavor to obtain a continuance, and that for this reason the compromise was beyond the authority granted to him. The only basis for this contention is that defendant claimed in his motion to set aside the compromise judgment that, at the time the continuance was requested, he was so ill that it would have been reversible error for the court to refuse to grant the continuance, that this fact was known to Hill, and that he could have obtained proper proof had he endeavored to do so. If it would not have been an abuse of discretion for the court to deny the motion for continuance on the facts which defendant claims his attorney could have shown by due diligence, then it was not an abuse of discretion for the court to deny the motion to vacate the judgment on the same grounds. *Richards* v. *Richards,* 24 Idaho 87, 132 Pac. 576. The record shows a motion for continuance, and, in conformity with the presumption that an attorney has done his duty unless it appears to the contrary, we must assume that he presented to the

court, at least orally, every matter within his knowledge he could properly urge in support of his motion, among these matters being all he knew regarding defendant's alleged illness.

We have examined the evidence offered by defendant at the hearing of his motion in regard to his physical condition during January, 1929, and are of the opinion it was of such a nature that, even had it been fully known to defendant's attorney and a showing in regard thereto made by affidavit at the time the continuance was requested, it would not have been error for the trial court to have denied that request. We must presume that the trial court, hearing the motion to vacate the judgment, was satisfied without the necessity of listening to the evidence of plaintiffs that defendant's showing, if it had been made on the motion for continuance, would not have been sufficient to secure it, and, if such were true, counsel was fully authorized to agree to the compromise as he did. There is not the slightest evidence in the record that Mr. Hill did not perform his full duty in the premises.

It seems to us on the facts the decision was entirely discretionary. Had the motion been granted, we should have upheld the action of the lower court. Since it has been denied, we must take the same course.

The order appealed from is affirmed.

McALISTER, C. J., and ROSS, J., concur.