**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**William H. KENNER et al., Defendants-
Appellants.**

**No. 17555.**

United States Court of Appeals,
Seventh Circuit.

Jan. 4, 1972.

Charles A. Boyle, Chicago, Ill., for appellants.

James R. Thompson, U. S. Atty., Chicago, Ill., Fred B. Ugast, Acting Asst. Atty. Gen., Tax Div., Carolyn R. Just, Atty., U. S. Dept. of Justice, Washington, D. C., Thomas A. Foran, U. S. Atty., Chicago, Ill., for appellee; John Peter Lulinski, Michael B. Nash, and Richard A. Makarski, Asst. U. S. Attys., of counsel.

Before MAJOR, Senior Circuit Judge, and KILEY and CUMMINGS, Circuit Judges.

MAJOR, Senior Circuit Judge.

This appeal by William H. Kenner is from a judgment entered against him on January 8, 1969, in the amount of $596,361.45, for unpaid income taxes, penalties and accrued interest for the years 1945 to 1954, both inclusive. (Other defendants named in the caption are not involved in this appeal.) The judgment was an amendment to a consent order entered May 21, 1965, against Kenner and in favor of the United States, for deficiency in income taxes for the same years. The consent order was based upon findings of fact and an opinion by the Tax Court (20 C.C.H.Tax Ct.Mem. 185 (1961)), which was affirmed by this Court. Kenner et al. v. Commissioner of Internal Revenue, 318 F.2d 632, decided June 4, 1963.

After our affirmance, appellant filed with the Tax Court a 24-page petition alleging that the decision of the Tax Court resulted from numerous acts of fraud perpetrated by the Commissioner. From the Tax Court's order dismissing his petition appellant again appealed to this Court. While we held that the Tax Court had the power to inquire into the integrity of its decision where it was shown to have been the result of fraud, we also held, after reviewing the various acts of fraud alleged by appellant, that the allegations of his petition were not sufficient and affirmed the Tax Court's order of dismissal. Kenner et al. v. Commissioner of Internal Revenue, (CA–7) 387 F.2d 689, decided January 5, 1968, cert. den. 393 U.S. 841, 89 S.Ct. 121, 21 L.Ed.2d 112, rehearing denied 393 U.S. 971, 89 S.Ct. 390, 21 L.Ed.2d 386.

On May 24, 1969, appellant, acting *pro se* as he did in the District Court, filed here in support of his instant appeal his brief and appendix. On October 24, 1969, the government filed its brief to which appellant, still acting *pro se*, filed a reply brief on November 5, 1969. On April 1, 1970, Charles A. Boyle, an attorney, filed a supplemental brief on behalf of appellant and on October 29, 1971, the government filed its supplemental brief in reply thereto.

Appellant in his *pro se* brief makes a statement of alleged facts which cover the 20-year period in which he has been engaged in a running battle with the Commissioner. Few, if any, who have had any part in the assessment of tax deficiencies against him escape his charge of fraud. He asserts that the many attorneys whom he has employed "were so intimidated by the IRS that they, in truth and fact, actually joined league with the IRS" against him. He impugns the integrity of members of the Tax Court who rendered the decision against him and claims in effect that the District Court Judges who entered judgments against him, as well as members of this Court, have been the victims of fraud perpetrated by the IRS. The charges now made are substantially the same as those previously made and found without substance by the Tax Court and this Court. An additional charge made for the first time is that

the attorneys who agreed to the consent order, entered May 21, 1965, did so without authority and that their action in that respect was fraudulent.

It is fortunate that during the pendency of the instant appeal appellant employed Boyle, who succeeded on brief and oral argument in making an understandable presentation out of an otherwise chaotic situation. Boyle agrees with the statement of facts as set forth in the government's brief, which we adopt:

"On May 23, 1962 a complaint was filed by the United States of America against the defendants seeking, *inter alia*, judgment for income taxes assessed against the defendant, William H. Kenner, for the years 1945 through 1954 in the amount of $378,624.45, plus interest as provided by law (Complaint, p. 2). On May 21, 1965 an agreed order was entered, being executed by counsel for the plaintiff and both counsel for the defendant, which stated in pertinent part:

'Judgment is entered in favor of the United States against William H. Kenner in the amount of $447,985.38, plus interest thereon as provided by law, for the tax years 1945, 1946, 1947, 1948, 1949, 1950, 1951, 1952, 1953 and 1954.'

"On February 16, 1968, after sending notice to the defendant, the United States filed a petition seeking that the agreed order entered on May 21, 1965 be vacated and an amended order entered reflecting all of the tax liabilities of the defendant for the years 1945 through 1954 (Original Record, p. 47). From that point on a barrage of motions were filed by the defendant, acting pro se, alleging fraud and seeking to set aside the order, to investigate fraud practices on the court, a request for particulars, etc. On October 17, 1968 the United States filed a memorandum in support of its petition to amend the order entered on May 21, 1965 (Original Record, p. 73).

"On January 8, 1969 the District Court entered an order and judgment which vacated the agreed order entered on May 21, 1965 and entered therein judgment in favor of the plaintiff, United States, and against the defendant, William H. Kenner, for deficiency income taxes, statutory additions, and interest to the date judgment was entered for the years 1947 through 1954 inclusive, in the amount of $596,361.45. The District Court vacated the agreed order and entered the order and judgment because it found that the consent judgment was vague and uncertain and had to be amended because neither the plaintiff nor the defendant could determine the amount of interest or the date which interest on the assessments ran (Original Record, p. 83). Defendant has appealed from this order and judgment entered on January 8, 1969."

The contested issues as stated by Boyle are:

"1. Did the attorneys representing defendant-appellant have authority to bind him to the 'agreed order'?
"2. Did the Government violate Rule 60(a) Federal Rules of Civil Procedure by vacating and amending the 'agreed order'?"

The agreed order of May 21, 1965 was for deficiencies in appellant's taxes as found by the Tax Court and, on appellant's appeal, affirmed by this Court. The order was consented to by Warren L. Schmidt and James Slager as attorneys for appellant and by the United States Attorney on behalf of the government. These attorneys continued to represent appellant until August 12, 1966, when the Court, at their request, permitted their withdrawal.

Surely appellant was aware that the judgment was entered against him for tax deficiencies with the consent of his then attorneys. Yet, for a period of fifteen months, so far as is ascertainable from the record, he did not discharge

them; neither did he attack the order by appeal or otherwise. Moreover, no question was raised as to their lack of authority until after February 15, 1968, when the government filed its petition to amend the agreed order. In support of his motion to dismiss the government's petition to amend the order, appellant filed a series of affidavits in which he again reviewed the fraud which he alleged had been perpetrated on him over a period covering some twenty years.

Thus, appellant, relying upon the alleged lack of authority of his attorneys in entering into the agreed order, seeks to challenge the assessments relating to his tax liabilities for the years 1945 through 1954. Such liability, as noted, had been determined by the Tax Court, whose decision was affirmed by this Court. Kenner et al. v. Commissioner of Internal Revenue, 318 F.2d 632. Moreover, after our affirmance of the Tax Court's decision determining his tax liability, appellant sought to invalidate the Tax Court's decision by alleging it was the result of fraud, which in the main consisted of the same allegation of fraud which he now employs to invalidate the consent order. The Tax Court rejected appellant's effort in this respect and, on appellant's appeal, this Court affirmed the Tax Court on the basis that the fraudulent allegations were without substance. Kenner et al. v. Commissioner of Internal Revenue, (CA–7) 387 F.2d 689, cert. den. 393 U.S. 841, 89 S.Ct. 121, 21 L.Ed.2d 112.

■■ In our judgment, and we so hold, appellant's tax ~~liability~~ as embodied in the consent order was previously determined by the Tax Court and this Court, and under the principle of *res adjudicata* the order is not now subject to attack. See Partmar Corp. et al. v. Paramount Pictures Theatres Corp. et al., 347 U.S. 89, 91, 74 S.Ct. 414, 98 L.Ed. 532, and Stoll v. Gottlieb, 305 U.S. 165, 170, 59 S.Ct. 134, 83 L.Ed. 104. We also hold that the issue of fraud now sought to be invoked by appellant was litigated and decided adversely to him and is governed by the same principle.

Our attention is called to the recent decision of the Ninth Circuit, Toscano v. Commissioner of Internal Revenue, 441 F.2d 930, where the Court was presented with the issue as to whether the Tax Court, after its decision had become final under 26 U.S.C. Sec. 7481, had jurisdiction to grant leave to the taxpayer to file a motion to vacate its decision on the ground of fraud on that Court. The Court reviewed at length the cases bearing on the issue, concluded by a divided Court that the Tax Court had such jurisdiction and vacated its decision, with directions that it hold an evidentiary hearing on the fraud charge. This Court in Kenner v. Commissioner of Internal Revenue, 387 F.2d 689, recognized that the Tax Court had such jurisdiction but affirmed its decision of dismissal of the fraud charge on the ground that it was not substantial.

The facts in the instant case are so widely different from those in Toscano that the holding in that case has little, if any, relevancy here where the order under attack was entered by the District Court.

It appears obvious that no fraud was committed on the District Court. It had before it the decision of the Tax Court determining appellant's tax deficiencies and the decision of this Court affirming such determination, as well as that holding the fraud charge made before the Tax Court was not substantial. Its jurisdiction was invoked only as a means of enabling the judgment of the Tax Court to be enforced. It is hardly conceivable that any defense was available to appellant at that point and his attorneys must have so recognized when they consented to the order. In doing so they neither wronged their client nor enhanced the position of the Commissioner. We say this because the government

without the consent of the attorneys was entitled to summary judgment.

In United States v. Teitelbaum, 342 F.2d 672, under facts quite similar to those here, this Court stated (page 674):

> "In the first appeal, we hold that the granting of a summary judgment in favor of the United States was proper. The substantive issues of tax liability for 1949, 1950 and 1951 had been fully litigated in the Tax Court. The decision of the Tax Court had been affirmed by this Court. There were no material issues of fact remaining to be tried. However, the Tax Court lacks the power to order execution, and this, in spite of the fact that its decisions are entitled to have applied the doctrine of res judicata and collateral estoppel. Hence, a suit to reduce the determined deficiencies to judgment was proper."

In view of the situation as shown, we hold that appellant's attorneys at least had implied authority to consent to the order. See Thomas v. Colorado Trust Deed Funds, Inc., 366 F.2d 136, 139 (CA–10). This implication plainly arises from the fact that appellant without raising any question as to their authority retained them as counsel for fifteen months and further raised no question as to their authority until three years after the order was entered, when the government petitioned the Court for leave to vacate the agreed order and for the entry of an amended judgment.[1]

We now come to the issue as to whether the Court on application of the government was authorized under Rule 60(a) of the Federal Rules of Civil Procedure to vacate the agreed order of May 21, 1965 and enter the judgment from which the appeal comes. Rule 60(a) in pertinent part provides:

> "Clerical Mistakes. Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders."

The agreed order provided in pertinent part, "Judgment is entered in favor of the United States against William H. Kenner in the amount of $447,985.38, plus interest thereon as provided by law, for the tax years 1945, 1946, 1947, 1948, 1949, 1950, 1951, 1952, 1953 and 1954." Thus, the liability for interest, with the dates from and to which it was computed, was not set forth in the agreed order.

The government contends that the order was vague and contained clerical errors and omissions, and was subject to amendment pursuant to Rule 60(a). In the amended judgment, appellant was given credit for deficiency in tax for the years 1945, 1946 and 1947, in the amount of $68,070.84, and $6,601.75 for penalties assessed for those years. Otherwise, the deficiency in tax for the years 1948 to 1954, inclusive, as well as the penalties assessed thereon, were the same as in the agreed order. However, in the amended judgment was included accrued interest to January 8, 1969, for the years 1947 to 1954, inclusive, in the amount of $291,047.29. Thus, appellant's total liability incorporated in the amended judgment was $596,361.45.

---

[1] It is of some significance to note that appellant in his first appeal to this Court, wherein we affirmed his tax deficiency as determined by the Tax Court, made no charge of fraud. The principle issue presented on that appeal was whether the Tax Court had properly determined as his income money received by a charitable hospital operated by appellant but expended for his benefit. On that appeal appellant was represented by C. L. Cass, an attorney. Now, some five years later, he includes in his appendix an affidavit in which he charges Cass with numerous acts of wrongdoing, including entering into stipulations without appellant's consent and suppressing before the Tax Court evidence of fraud.

The provision in the agreed order, "plus interest thereon as provided by law," obviously permitted a more exact determination of interest then accrued and which would continue to accrue as long as appellant's liability remained unsatisfied. It is evident that the interest which accrued from the time of the entry of the consent order until the time of the amended order was a sizeable amount. We think we need not be concerned with the means employed by the government in its determination of appellant's total liability for the reason that he raises no issue on that score; in fact, he contends repeatedly that he has no tax liability. Illustrative is appellant's statement contained in his affidavit of November 14, 1968, as follows, "The agreed order is not only 'vague and contains clerical errors', it is a sham; the entire case is a sham—the tail end of the corrupt unconscionable conspiracy to practice a fraud upon the court initiated by Commissioner's Agent Templer many years ago and kept going by the Commissioner's Office, in concert with others, ever since."

In United States v. Stuart, 392 F.2d 60, 62 (CA–3), the Court stated:

> "Without seeking to refine the matter unduly, it seems to us that Rule 60(a) is concerned primarily with mistakes which do not really attack the party's fundamental right to the judgment at the time it was entered. It permits the correction of irregularities which becloud but do not impugn it. To that end 60(a) permits, inter alia, reasonable additions to the record."

In Greenberg v. Arsenal Bldg. Corp. et al., 144 F.2d 292, 295 (CA–2), the Court stated that the inclusion of interest was implicit in the original judgment, even though it had not been mentioned, and consequently such oversight could be corrected under Rule 60(a) even after appeal.

In In re Merry Queen Transfer Corp., D.C., 266 F.Supp. 605, 607, the final judgment failed to include interest authorized by the New York wrongful death statute. The Court in permitting an amendment to the judgment under Rule 60(a) stated:

> "It is a type of mistake or omission mechanical in nature which is apparent on the record and which does not involve a legal decision or judgment by an attorney."

See also United States v. Roth, 164 F.2d 575, 576 (CA–2); American Trucking Ass'ns, Inc. et al. v. Frisco Transportation Co., 358 U.S. 133, 145, 79 S.Ct. 170, 3 L.Ed.2d 172.

Appellant's counsel cites a number of cases in support of his contention that the instant judgment was invalid under Rule 60(a) and 60(b). The government, however, relies solely on 60(a); therefore, the cases cited which have considered 60(b) are irrelevant. The only case cited which even mentions Rule 60(a) is Hoffman v. Celebrezze, 405 F.2d 833 (CA–8). In that case, the primary issue had to do with 60(b). However, the Court did state (page 835) that neither 60(a) nor 60(b) authorized an amended judgment. In that case the District Court had entered a consent judgment which specified the amount of Social Security owing to the plaintiff, as well as the amount of accrued interest. The government sought an amended judgment which would eliminate the interest, on the ground that there was no statutory basis for its allowance. Thus, the case where the interest was definitely determined in the consent order is different from that here where the amount of interest was left undetermined. We hold that under Rule 60(a) the Court was authorized to enter an amended judgment.

The order appealed from is

Affirmed.