John **GILBERT**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 559, Docket 72-2116.

United States Court of Appeals,
Second Circuit.

Argued March 15, 1973.

Decided June 5, 1973.

Steven Thaler, New York City (Richard Markowitz, Philadelphia, Pa., and Joel C. Glanstein, New York City, of counsel), for appellant.

James B. Magnor, New York City (Charles N. Fiddler, New York City, Gilbert S. Fleischer, Atty., in Charge, Admiralty & Shipping Section, Dept. of Justice, and Whitney North Seymour, Jr., U. S. Atty., S. D. N. Y., on the brief), for appellee.

Before HAYS, MULLIGAN and OAKES, Circuit Judges.

PER CURIAM:

█ Where a settlement is agreed upon among clients and counsel, the terms are conveyed to the court by counsel and judgment entered accordingly, may the judgment be set aside on the complaint of one party that his counsel coerced him into agreement? The answer we give is in the negative, in this, a case which could so easily have been avoided by a precautionary letter of authorization from counsel to client.

█ Appellant here, a licensed maritime officer, had a personal injuries claim arising under the Jones Act, 46

U.S.C. § 688, out of his service on a United States vessel. His counsel was Paul C. Matthews, who we are told is experienced and skilled in handling such matters. With trial scheduled in the District Court for the Southern District of New York for May 21, 1971, appellant returned from Japan to New York a week before, having refused by mail to agree to settle his claim for a sum in the area of $30–35,000, and apparently with hopes of obtaining $70,000 or so. Parenthetically, it is indicative, perhaps, of the strength (or weakness) of appellant's case that he now complains that he was not met by counsel at Kennedy Airport "[a]lthough he had advised Paul C. Matthews by telegram to meet him at the Airport upon his arrival . . .." Appellant complains also that he did not really have the chance to discuss the case in detail with Mr. Matthews until the day before trial, May 20, and that the discussions of the 20th extended until 3:00 a. m. of the 21st, the day of the trial, "to exhaustion."

It was found below by a magistrate and confirmed by District Judge Brieant, after hearing the evidence of appellant and his attorney, that Matthews "did have the approval to settle this action. . . . " when he accepted by telephone between 2:00 and 3:00 a. m. on the 21st the United States' offer of $32,500. Appellant's brief admits as much, though with a qualification, in saying, "Upon further coaxing from his attorney, appellant without intent to accept the offer of settlement and against his will stated that he would take the $32,500." (Brief for the Appellant at 11–12). As stated, this case could have been avoided (and counsel indeed protected) had he secured a letter of authorization before confirming the settlement, but then he may have been concerned lest the client back out.

According to appellant's testimony he asked his lawyer to obtain an adjourned date for the trial, but the magistrate found that appellant went to Florida on the 21st without having ascertained the adjourned date. The magistrate accordingly credited the lawyer's testimony that talk as to an adjournment occurred *before* the settlement, not after. Attorney Matthews assured Judge Bonsal (the judge to whom the case was assigned for trial) and opposing counsel on the morning of the 21st that the case had been settled for $32,500 net and an order of discontinuance was entered some two weeks later, on June 4, 1971.

The findings below that the settlement was expressly authorized are supported by the evidence and not clearly erroneous. Fed.R.Civ.P. 52(a). Even if appellant had a claim against his own counsel for coercion or overbearing, this would not permit the settlement, one which is not claimed to have been unfair, here to be overturned. McKenzie v. Boorhem, 117 F.Supp. 433, 435 (W.D. Ark.1954); Smith v. Washburn & Condon, 38 Ariz. 149, 297 P. 879 (1931) (". . . where express authority is given, the attorney may compromise any matter, and his action in so doing is binding upon his principal"); Allen v. Fewel, 337 Mo. 955, 87 S.W.2d 142 (Sup. Ct.1935). *Cf.* United States v. Kenner, 455 F.2d 1, 3–5 (7th Cir. 1972); Thomas v. Colorado Trust Deed Funds, Inc., 366 F.2d 136, 139 (10th Cir. 1966); Hot Springs Coal Co. v. Miller, 107 F.2d 677, 680 (10th Cir. 1939). *See also* Davis v. United Fruit Co., 402 F.2d 328, 331 (2d Cir. 1968), cert. denied, 393 U.S. 1085, 89 S.Ct. 869, 21 L.Ed.2d 777 (1969); Beirne v. Fitch Sanitarium, Inc., 167 F. Supp. 652 (S.D.N.Y.1958). As was said in The S.S. Standard, 103 F.2d 437, 439 (2d Cir)., cert. denied sub nom. Standard Oil Co. v. Bonici, 308 U.S. 560, 60 S.Ct. 106, 84 L.Ed. 471 (1939), "Fair settlements are in the interest of the men, as well as of the employers."

It is unnecessary for us to determine whether the case could also be put on the somewhat narrower ground, supported by the language of some cases, that while the general rule is that an attorney may not settle his client's case without express authority, he is presumed to have that authority, and a party seeking to show that his attorney of record did

not have the actual authority to compromise carries the burden of proof to vacate any judgment entered upon the attorney's agreement. United States v. Beebe, 180 U.S. 343, 352, 21 S.Ct. 371, 45 L.Ed. 563 (1901); Thomas v. Colorado Trust Deed Funds, Inc., *supra*, 366 F.2d at 139.

Accordingly, we affirm the judgment below denying appellant's motion under Fed.R.Civ.P. 60 to vacate Judge Bonsal's order of June 4, 1971, discontinuing the original action.

Judgment affirmed.