In re ARTHA MANAGEMENT, INC.; All–Z Const. Corp.; Abram Gin and Alex Zaika, and related cases, Debtors.

John S. PEREIRA, as Chapter 11 Trustee of the Estates of Laser Associates, 3875 Associates and 3471 Associates, Plaintiff–Appellee,

v.

SONIA HOLDINGS, LTD. and Las Management Corp., Defendants–Appellants,

Joel H. Rabine; Sally Rabine; Rabine & Nickelsberg, P.C. and Bank Leumi Trust Company of New York, Defendants.

No. 1554, Docket 95–5087.

United States Court of Appeals, Second Circuit.

Argued May 17, 1996.

Decided July 31, 1996.

Eli Levitin, New York City, for Appellants.

John P. Campo, New York City (John S. Kinzey, LeBoeuf Lamb Greene & MacRae, New York City, of counsel, Scot C. Gleason, New York City, on the brief), for Appellee.

Before: MESKILL and MINER, Circuit Judges, and LASKER, District Judge.*

MESKILL, Circuit Judge:

This case concerns the enforceability of a purported agreement settling claims that arose out of a suit brought by appellee John S. Pereira, as Chapter 11 Trustee of the Estates of Laser Associates, 3875 Associates, and 3471 Associates (Trustee), against appellants Sonia Holdings, Ltd. and LAS Management Corp. (appellants), and four other defendants not directly involved in this appeal. The Trustee brought an adversary proceeding in the United States Bankruptcy Court for the Southern District of New York, Lif-

---

* Honorable Morris E. Lasker, United States District Judge for the Southern District of New York, sitting by designation.

land, *C.B.J.*, under 11 U.S.C. §§ 502, 544(b), 547(b), 548 and 550, and N.Y.Debtor and Creditor Law §§ 273, 274 & 277 (McKinney 1990), and the common law, alleging fraudulent conveyances and/or preferential transfers. The complaint alleged jurisdiction in the bankruptcy court under 28 U.S.C. § 1334.

The crux of this appeal is the appellants' contention that their attorney-of-record, Dennis Drebsky, a partner in the firm Rogers & Wells, lacked the authority to bind them to the agreement by his signature. We have appellate jurisdiction under 28 U.S.C. § 1291.

## BACKGROUND

### A. *The Trustee's Claims*

The Trustee alleged in his complaint in the bankruptcy court that the debtors, Laser Associates, 3875 Associates, and 3471 Associates, were formed to invest, hold and manage real estate. The complaint alleged that the debtors executed a note and blanket second mortgage on the properties it owned in favor of Sally Rabine and Sonia Holdings, Ltd., purportedly to secure a $2 million loan, but received only $325,000. The Trustee also alleged that Sonia Holdings assigned its interest in the Note and Mortgage to defendant-appellant LAS Management Corp. In essence, the Trustee's claim was that the debtors gave the defendants a note and mortgage, but that the $2 million supposedly loaned to the debtors was delivered to parties other than the debtors. The Trustee alleged that, in fact, the $2 million was delivered to parties affiliated with the defendants. Thus, the Trustee claimed, the loan transaction was a fraudulent conveyance or preferential transfer in favor of appellants, among others, and the Trustee was entitled to avoid the transaction and recover the funds delivered to parties other than the debtors.

### B. *The Settlement Agreement*

After negotiations among counsel for the parties, counsel for each party signed an agreement that provided for a payment by appellants to the debtors of $325,000 and a dismissal of the claims against appellants by the Trustee. The agreement provided signature lines for the attorneys for each party and for the parties themselves. Appellants' attorney-of-record, Dennis Drebsky, signed on his line; appellants did not sign on their lines. Subsequently, the settlement agreement was presented to the bankruptcy court, which approved the settlement.

After a time, the Trustee made a motion in the bankruptcy court to enforce the terms of the settlement. In response, appellants moved to vacate the settlement pursuant to Fed.R.Civ.P. 60(b). The bankruptcy court found that Drebsky had actual authority to sign the agreement on appellants' behalf and that his signature bound appellants.

The appellants appealed to the district court, which agreed with the bankruptcy court's determination that Drebsky had actual authority to bind appellants. This appeal ensued.

## DISCUSSION

■ As a preliminary matter, we must address the appellants' claim that the district court was overly deferential in its review of the bankruptcy court's findings of fact. The district court reviewed the bankruptcy court's findings under the clearly erroneous standard. Federal Rule of Bankruptcy Procedure 8013 provides that, on appeal, the bankruptcy court's "[f]indings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous." Fed.R.Bankr.P. 8013. Thus, the district court applied the correct standard of review.

■ The issue before us is whether the agreement signed by Drebsky is binding on appellants. The relationship between a lawyer and client is one of agent and principal. *United States v. International Bhd. of Teamsters*, 986 F.2d 15, 20 (2d Cir.1993). We have held that "[i]n a case arising under federal law, the scope of an agent's authority is determined according to federal precedent." *Id.* This case arose under the Bankruptcy Code, thus Drebsky's authority to bind his clients to the agreement is defined by federal precedent.

■ It is axiomatic that the decision to settle a case rests with the client. *Fennell v. TLB Kent Co.*, 865 F.2d 498, 501–02 (2d Cir.1989). Moreover, a client does not automatically bestow the authority to settle a case on retained counsel. *Id.* Rather, an agent's, and thus an attorney's, actual authority " ' "may be inferred from words or conduct which the principal has reason to know indicates to the agent that he is to do the act." ' " *International Bhd.*, 986 F.2d at 20 (quoting *Edwards v. Born, Inc.*, 792 F.2d 387, 391 (3d Cir.1986) (quoting Restatement (Second) of Agency § 26 cmt. c (1958))).

■ Nevertheless, because of the unique nature of the attorney-client relationship, and consistent with the public policy favoring settlements, we presume that an attorney-of-record who enters into a settlement agreement, purportedly on behalf of a client, had authority to do so. In accordance with that presumption, any party challenging an attorney's authority to settle the case under such circumstances bears the burden of proving by affirmative evidence that the attorney lacked authority. *International Bhd.*, 986 F.2d at 20 (stating that "[t]he burden of proving that an attorney entered into a settlement agreement without authority is not insubstantial"); *Gilbert v. United States*, 479 F.2d 1267, 1268–69 (2d Cir.1973) (noting, but not relying on, other courts' placement of the burden of proof on the party challenging the attorney's authority to settle a case). To the extent that our recitation of that rule in *International Bhd.* was not an express holding, we now join several of our sister circuits and so hold. *See, e.g., Greater Kansas City Laborers Pension Fund v. Paramount Indus.*, 829 F.2d 644, 646 (8th Cir.1987) (holding that burden of proof is on party challenging attorney-of-record's authority to settle case); *Edwards*, 792 F.2d at 390 (same); *Mid–South Towing v. Har–Win, Inc.*, 733 F.2d 386, 392 (5th Cir.1984) (same); *Thomas v. Colorado Trust Deed Funds*, 366 F.2d 136, 139 (10th Cir. 1966) (same).

As the party challenging the authority of Dennis Drebsky, their attorney-of-record, to settle the case, appellants bear the burden of proving that they did not give him authority to settle the case. A review of all the submissions to the bankruptcy court demonstrates that not only have appellants failed to produce affirmative evidence that Drebsky lacked authority to settle the claim against them, they have failed even to deny that they gave Drebsky the authority. Instead, appellants argue that the parties "understood" that there would be no final agreement until the parties themselves signed the agreement.

■ Appellants' reliance on New York law, which places the burden of proof on the party asserting the attorney's authority, is misplaced. As noted above, federal precedent governs this case. *See International Bhd.*, 986 F.2d at 20 (holding that federal precedent governs scope of agent's authority when underlying claim is federal in nature). Similarly, appellants' reliance on our recognition in *Fennell* of differing rules governing in-court and out-of-court settlements is misplaced because *Fennell* dealt with New York case law. *Fennell*, 865 F.2d at 502–03. Moreover, our discussion in *Fennell* focused on the out-of-court nature of the settlement to distinguish a New York case that extended the scope of an attorney's apparent authority based on a court rule requiring attorneys attending pretrial conferences to have actual authority to bind their clients. *Id.* at 503 (distinguishing *Hallock v. State*, 64 N.Y.2d 224, 485 N.Y.S.2d 510, 474 N.E.2d 1178 (1984)).

Appellants' invocation of our decision in *Winston v. Mediafare Entertainment Corp.*, 777 F.2d 78 (2d Cir.1985), is also unavailing. *Winston* stands for the proposition that "if either party communicates an intent not to be bound until he achieves a fully executed document, no amount of negotiation or oral agreement to specific terms will result in the formation of a binding contract." *Id.* at 80. Appellants' argument must fail because they have produced no evidence that they "communicate[d] an intent not to be bound." *Id.*

In an attempt to evade the significance of their attorney's signature on their behalf, appellants make an even narrower argument. They argue that the parties, in negotiating, not only understood that they would be bound only by a signed writing, but also understood that the signature of their attor-

neys-of-record would not be sufficient to bind them. As we discussed above, there is a presumption that an attorney-of-record who enters into a settlement on behalf of a client has the authority to bind that client. This presumption, which we have held places the burden of proof on the party challenging the attorney-of-record's authority, also requires us to demand from the challenging party clear evidence that the parties intended not to be bound by their attorneys' signatures. Again, we hold that appellants have not met their burden.

In support of their argument that the parties intended such a limitation on the power of their attorneys, appellants point to the presence of signature lines for both the parties and the parties' attorneys. They argue that if the attorneys had the power to bind their clients, there would be no need for signature lines for the parties. General agency principles dictate otherwise. Where a principal has authorized its agent to perform an act for it, the principal is not thereby deprived of the authority to take that same action on his own behalf. *See* Harold Gill Reuschlein & William A. Gregory, *The Law of Agency and Partnership* § 83, at 141 (2d ed. 1990) (noting that a principal may compete with its agent to accomplish the task assigned to the agent). More specifically, Drebsky's authority to bind appellants by signing the agreement on their behalf did not deprive appellants of the authority to sign for themselves (through their corporate representative). Thus, when the agreement was drafted, it was proper to include signature lines for Drebsky and the appellants, so that *either* attorney or client could sign it.

Furthermore, Drebsky's and Gleason's attempts to procure appellants' signatures after Drebsky had already signed are not inconsistent with a conclusion that Drebsky had the authority to bind appellants by his signature alone. Their actions evidence two experienced attorneys attempting to avoid just the situation they find themselves in now. The attorneys' attempts to obtain appellants' signatures to avoid a later conflict in no way deprived Drebsky of the authority appellants gave him.

Nor did the placement of an "/s/" on appellants' signature lines mislead the bankruptcy court into approving the settlement agreement. Appellants claim that because the /s/ notation is normally reserved to indicate that an actual signature exists on another copy of the document, the Trustee's attorney placed the /s/ on appellants' signature lines to give that impression to the bankruptcy court. Appellants made this argument to the bankruptcy court in their motion to vacate the settlement agreement. The bankruptcy court properly ruled that the signature of the appellants' attorney-of-record was sufficient to make the agreement enforceable. The bankruptcy court would have vacated the settlement agreement had it been misled about the existence of appellants' actual signatures on another copy of the agreement. The /s/ placed on the appellants' signature line was irrelevant.

Finally, we reject appellants' contention that the proper disposition of this case is to remand it for an evidentiary hearing on the issue of authority. A hearing is not necessary in light of appellants' failure ever to allege that they did not give their attorney authority to sign the settlement agreement for them.

We recognize that neither the appellants nor the Trustee offered strong evidence proving or disproving Drebsky's authority to act for appellants. Sometimes close cases turn on the allocation of the burden of proof. In cases such as this one, the great likelihood is that the client will have easier access to the evidence regarding its attorney's authority. This is especially true in cases like this one, in which an agent's actual authority necessarily turns on the communications between the client and attorney, raising the possibility that the attorney-client privilege might be raised. It is only fair that the appellants in this case bear the cost of the paucity of the evidence regarding the communications between them and their attorney in this case.

## CONCLUSION

We have reviewed the remaining arguments raised by appellants, including that the settlement agreement is onerous and

one-sided, and found them to be without merit. Thus, for the reasons stated above, the order of the district court affirming the judgment of the bankruptcy court is affirmed.