105 F.3d 665
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Steven J. NADEL, individually, dba Marine Instrument
Company, dba Compass Northwest, dba Northstar Navigation
Systems; Navistar Marine Instrument Company; Navistar
Marine Instrument Corporation, successor in interest to
Marine Instrument Company, Compass Northwest, Northstar
Navigation Systems, Navistar Marine Instrument Company,
Plaintiffs-Appellants,
v.
William NADEL, husband; Ruth Nadel, Wife, Defendants-Appellees.
 No. 95-16936.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 11, 1996.*
Decided Dec. 19, 1996.
 
 Before BROWNING, ALDISERT** and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Under Arizona law, a settlement agreement reached by attorneys for opposing parties is enforceable if the attorneys had express authority to make such an agreement, regardless of whether the parties ever signed a written document. Hays v. Fischer, 777 P.2d 222 (Ariz.Ct.App.1989). The Arizona Court of Appeals emphasized that "where the client expressly so authorizes the attorney, the attorney may enter into an agreement on the client's behalf compromising a lawsuit, and his action in doing so binds the client." 777 P.2d at 227 (citing Smith v. Washburn & Condon, 297 P. 879 (Ariz.1931).
 
 
 3
 The teachings of Hays control the case at bar. Here, the defendants alleged that Steven Nadel's attorney had both express and apparent authority to settle the case on Steven's behalf. To support this allegation, they introduced an affidavit of their attorney stating that throughout the negotiations, the plaintiff's attorney consulted with the plaintiff for approval on certain terms of the agreement. ER 29.
 
 
 4
 Steven has not denied, either in the district court proceedings or on appeal, that his attorney had authority to settle. Nor has Steven denied that his attorney agreed to the settlement in question. Accordingly, the district court was correct in finding that there was no material issue of fact requiring a trial. It is undisputed that Steven's attorney was
 
 
 5
 Steven argues that under the terms of the settlement document, his signature was required to finalize the agreement. He bases this argument on the following language in the settlement document:
 
 
 6
 5. Each of the undersigned further represent and covenant that at the time of the signing and delivering of this Settlement Agreement, they have read all of its terms and have fully informed themselves of its contents and the consequences of its execution have been fully explained to them by their respective attorneys and they have executed this Settlement Agreement with full knowledge thereof.
 
 
 7
 ER 11.
 
 
 8
 Under Arizona law, a court should not imply a contractual condition unless such interpretation is plainly and unambiguously required by the language of the contract. Watson Const. Co. v. Reppel Steel & Supply, 598 P.2d 116, 118 (Ariz.Ct.App.1979). In this case, the language quoted above shows that the parties contemplated a signing of the agreement, but not that signatures were required to make the agreement effective. Implying such a condition from the language in this contract would be an impermissible stretch under Watson.
 
 
 9
 Next, Steven argues that even if the settlement was finalized by the parties' attorneys, the original settlement was modified by the subsequent agreement to include a novation as part of the total settlement package. He reasons that the settlement was ultimately unresolved because the novation was never finalized. This argument is not supported by the facts.
 
 
 10
 Rule 56(e) of the Federal Rules of Civil Procedure provides that an adverse party to a motion for summary judgment "may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed.Rule Civ.Proc. 56(e). None of the documents or affidavits introduced in the district court supports the theory that the parties re-opened the settlement when they agreed to prepare a Novation. Not even Steven's self-serving affidavit supports this theory. See E.R. 38-43.
 
 
 11
 Finally, Steven argues that he would not have received any benefit from the settlement without government approval of the novation. From this he concludes that the settlement was not final and enforceable, apparently reasoning from the premise that a contract providing no benefit to one of the parties is unenforceable. This premise is obviously false. As stated by the Arizona Supreme Court, "a valid contract must be given full force and effect, even though the contract is unwise or improvident or its enforcement is harsh." Goodman v. Newzona Investment Co., 421 P.2d 318, 322 (Ariz.1966).
 
 
 12
 William and Ruth request attorneys' fees on appeal. In diversity cases, state law governs the question of attorney's fees. Kabatoff v. Safeco Ins. Co, 627 F.2d 207, 210 (9th Cir.1980). Under Arizona law, a court may award reasonable attorneys' fees to the prevailing party in an action arising from a contract. Ariz.Rev.Stat.Ann. § 12-341.01(A) (1996). A motion to enforce a settlement agreement is treated as an action arising from a contract for purposes of § 12-341.01(A). Hays v. Fischer, 777 P.2d 222, 229 (Ariz.Ct.App.1989). It is within the court's discretion to award fees under § 12-341.01(A) on appeal. See id. at 230. We have concluded that William and Ruth Nadel are entitled to an award of reasonable attorneys' fees incurred in contesting this appeal.
 
 
 13
 We have considered all arguments advanced by the parties and have concluded that no further discussion is necessary.
 
 
 14
 AFFIRMED. Proceedings REMANDED to the district court for a determination of appropriate attorneys' fees incurred by William and Ruth Nadel in the defense of this appeal.
 
 
 
 *
 The panel unanimously finds this case suitable for submission without oral argument pursuant to Fed.R.App.P. 34(a) and Ninth Cir.R. 34-4
 
 
 **
 Ruggero J. Aldisert, Senior Judge, United States Court of Appeals for the Third Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts in this circuit except as provided by Ninth Circuit Rule 36-3