106 F.3d 426
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Vanda GIEROS, Petitioner,
v.
DEPARTMENT OF THE NAVY, Respondent.
 No. 96-3356.
 United States Court of Appeals, Federal Circuit.
 Jan. 15, 1997.
 
 Before LOURIE, CLEVENGER, and RADER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Vanda Gieros petitions for review of the August 2, 1996, decision of the Merit Systems Protection Board (Board) dismissing her appeal from the decision of the Department of the Navy to remove her from employment as Utilityman. Because Ms. Gieros has shown no error in the Board's decision, we affirm.
 
 
 2
 * The Navy removed Ms. Gieros due to her alleged misconduct while serving as a steward on board ship. Ms. Gieros, represented by counsel, appealed the Navy's action to the Board, challenging her removal on the merits. After a hearing before an Administrative Judge, but before any decision on her appeal, Ms. Gieros through counsel initiated settlement discussions with the Navy. As a result of those negotiations, a settlement was reached between the parties pursuant to which Ms. Gieros withdrew her appeal with prejudice, in return for the Navy's agreement to convert her removal to a resignation. The settlement agreement was duly signed by the parties and their respective counsel.
 
 
 3
 On May 10, 1996, the Administrative Judge dismissed Ms. Gieros's appeal on the basis of the settlement agreement. In his decision, the Administrative Judge stated that he had reviewed the terms of the settlement agreement, found it voluntarily entered into, understood by the parties, and valid on its face.
 
 
 4
 Subsequently, Ms. Gieros appealed to the Board, alleging that she had been forced to act under duress against her will. In response to her appeal, the Navy noted that Ms. Gieros had not opposed entry of the settlement agreement, and had been represented by counsel in connection with negotiation and entry of the settlement agreement. The Navy also noted that Ms. Gieros's allegation of duress was vague and unsupported by any specific allegations. The Board denied review of the Administrative Judge's decision dismissing the appeal, which became the final action of the Board that Ms. Gieros challenges in this court.
 
 
 5
 * We must affirm the decision of the Board, unless we conclude that it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, and not supported by substantial evidence. 5 U.S.C. § 7703(c) (1994).
 
 
 6
 When the Board dismisses an appeal based on the terms of a settlement agreement, the question is whether the Board abused its discretion in doing so. See Asberry v. United States Postal Serv., 692 F.2d 1378, 1380 (Fed.Cir.1982). To escape from the terms of a settlement agreement, one must establish that the agreement "is tainted with invalidity, either by fraud practiced upon him or by a mutual mistake under which both parties acted." Id. at 1380. A bare allegation of coercion or duress is insufficient to demonstrate that a settlement agreement is tainted with invalidity. See id. at 1380-81. This is so, even if a person alleges that she has been coerced by her own attorney into signing the settlement agreement--the allegation which Ms. Gieros makes in her brief to this court. See Macktal v. Secretary of Labor, 923 F.2d 1150, 1157-58 (5th Cir.1991) (Secretary's refusal to void settlement agreement not an abuse of discretion notwithstanding plaintiff's allegations of coercion by his counsel); Gilbert v. United States, 479 F.2d 1267, 1268 (2d Cir.1973).
 
 
 7
 Ms. Gieros has failed to demonstrate that she was coerced into signing the settlement agreement, which on its face required the Board to dismiss her appeal. Consequently, she has shown no reversible error in the Board's decision dismissing her appeal.