507 P.2d 681

**INDUSTRIAL PARK CORPORATION, a
California corporation, Appellant,**

v.

**U. S. I. F. PALO VERDE CORPORATION,
an Arizona corporation, Appellee.**

**No. 1 CA–CIV 1699.**

Court of Appeals of Arizona,
Division 1,
Department A.

March 15, 1973.

Rehearing Denied May 3, 1973.

Review Denied June 5, 1973.

Carson, Messinger, Elliott, Laughlin & Ragan, by Lee R. Perry, Phoenix, for appellant.

Sullivan, Mahoney & Tang, by William P. Mahoney, Jr., Phoenix, for appellee.

DONOFRIO, Presiding Judge.

This is an appeal from a consent judgment and an addendum thereto in favor of the appellee U.S.I.F. Palo Verde Corporation, (hereinafter referred to as U.S.I.F.), and from a subsequent denial of appellant Industrial Park Corporation's (hereinafter referred to as Industrial Park) motion to vacate recording and acceleration of said judgment. Appellant questions the jurisdiction of the trial court to enter a consent judgment on stipulation of the parties calling for more than the right of possession in an action which was commenced as a forcible detainer action.

The facts giving rise to this appeal are as follows: On September 1, 1969, Industrial Park entered into an arrangement with U.S.I.F. whereby it sold certain buildings to U.S.I.F. and leased back the same premises for a period of ten years at an annual rental of over $280,000, payable in monthly installments, plus an additional rental of 20% of the annual gross rentals received by Industrial Park from its subleases of the same premises over and above $360,000. Industrial Park thereafter failed to make its August 1970 and September 1970 payments.

In September 1970, U.S.I.F. filed an action designated as a complaint in the Maricopa County Superior Court, demanding that the premises be returned to it; that a receiver be appointed; and that "damages" be granted for rental payments in arrears, unpaid taxes and interest.

Midway through the proceedings, on October 29, 1970, the parties stipulated to a consent judgment which provided in relevant part: That the lease agreement should be terminated; that U.S.I.F. have judgment against Industrial Park in the amount of $60,000 for breach of the lease agreement, plus further damages to be determined and added by addendum to the judgment; that said judgment should be paid in 48 monthly installments of $2,000, plus interest on the unpaid balance; and that in the event of default on said payments U.S.I.F. could accelerate all the payments and record a transcript of the judgment and execute on it. On January 11, 1971, the trial court added over $27,000 to the above judgment for the amount of security deposits of various subleases between Industrial Park and third-party tenants. The parties also stipulated to this addendum.

Industrial Park failed to pay its first installment under the judgment on December 1, 1970. On December 4, 1970, U.S.I.F. sent Industrial Park a telegram threatening acceleration of the judgment if payment was not made by December 7. Payment was made and accepted on the 7th. Industrial Park was again in arrears as to its January 1971 installment. On January 19, 1971, U.S.I.F. notified Industrial Park by

letter that it was accelerating the judgment, recording a transcript of it, and executing upon it because of nonpayment. Thereafter, Industrial Park tendered the January installment, but it was refused.

It was at this point that Industrial Park first employed its present counsel who joined in filing a motion to vacate recording and acceleration of judgment based upon accident and mistake. An affidavit by the president of Industrial Park was also filed in which he offered the following reasons for delayed payment: That house counsel terminated his employment in December 1970, without delegating responsibility for making prompt payment (Industrial Park was, however, represented by counsel throughout the proceedings in question); that the treasurer became ill and was away from work during the period appellant was in default; that the treasurer's wife was injured in an automobile accident which also necessitated his being away from work and being unable to make payment; and that Industrial Park's corporate offices had been moved which caused an interruption in normal business procedures. The trial court, after a hearing, denied appellant's motion, whereupon this appeal was filed. U.S.I.F. then levied an execution against Industrial Park's property.

Appellant's primary contention appears to be that since appellee brought its original action under the forcible entry and detainer statutes, A.R.S. § 12–1171 et seq., it necessarily limited the subject matter jurisdiction of the Superior Court to a determination solely of the right of possession of the premises in question. It argues that the award of damages was therefore beyond the subject matter jurisdiction of the trial court. We do not agree.

■ Both the judgment and the addendum being challenged on appeal were stipulated to by competent counsel for both parties. As a general principle of law, a stipulated or consent judgment is conclusive as to the stipulating parties. Cochise Hotels v. Douglas Hotel Operating Co., 83 Ariz. 40, 316 P.2d 290 (1957); Wall v. Superior Court, 53 Ariz. 344, 89 P.2d 624 (1939).

■ Under the pleadings and record the trial court had the necessary requisites for jurisdiction, namely, it had jurisdiction of the subject matter, of the parties, and jurisdiction to render the particular judgment which was stipulated to between the parties. It is to be noted that no action was ever taken to set aside the stipulations after they were made and judgments entered thereon. Stipulations made during a lawsuit are binding. Higgins v. Guerin, 74 Ariz. 187, 245 P.2d 956 (1952). It is an obligation unlike ordinary contracts between parties not in court. Crunden-Martin Mfg. Co. v. Christy, 22 Ariz. 254, 196 P. 454 (1921). In this early case of Crunden-Martin, supra, our Supreme Court looked with favor upon stipulations designed to simplify and settle litigation.

Industrial Park argued in its *answer* that because of the allegations of the complaint the action should have been brought under A.R.S. § 33–361, dealing generally with the remedies of a landlord for violation of a lease, instead of as a forcible detainer action under A.R.S. § 13–1171 et seq. We have previously determined, however, that the allegations of a complaint can be phrased in such a manner as to comply with either statute. Thompson v. Harris, 9 Ariz.App. 341, 452 P.2d 122 (1969). We have also held that a plaintiff is entitled to a determination of rent due in forcible detainer actions. Fenter v. Homestead Development and Trust Co., 3 Ariz.App. 248, 413 P.2d 579 (1966).

Industrial Park argues on appeal that the Superior Court exceeded its jurisdiction in entering the judgment and addendum because the action was captioned as a forcible detainer matter.

■ Article 6, Section 14, of the Arizona Constitution, A.R.S., states as follows:

"Section 14. The superior court shall have original jurisdiction of:

\*     \*     \*     \*     \*     \*

"5. Actions of forcible entry and detainer."

As a matter of law, the Superior Court as a court of general jurisdiction, unless specifically limited, has inherent power to carry out and give effect to the exercise of jurisdiction enumerated in Section 14 of Article 6. National Automobile and Casualty Ins. Co. v. Queck, 1 Ariz.App. 595, 405 P.2d 905 (1965).

We agree with appellee's contention that the mere labeling of a particular action does not necessarily foreclose or limit the Superior Court's capacity to hear a stipulation by the parties concerning a matter which the Constitution and laws of Arizona specifically empower it to entertain. Further, though the action in forcible detainer deals essentially with the issue of possession, Heywood v. Ziol, 91 Ariz. 309, 372 P.2d 200 (1962), we find that there is nothing which specifically limits it to that adjudication where both parties stipulated to broader relief. Cf. Arizona Rules of Civil Procedure, Rule 15(b), 16 A.R.S.

The appellant also contends that the addendum which was stipulated to was invalid because it provided a remedy not requested in the pleadings. The law is quite clear that provisions of a consent judgment may be sustained and enforced, even where the relief sought was outside the pleadings, so long as the court has general jurisdiction over the matters adjudicated. Annot. 86 A.L.R. 84 (1933); cf. Schuldes v. Wubbolding, 15 Ariz.App. 527, 489 P.2d 1229 (1971); Cofield v. Sanders, 9 Ariz.App. 240, 451 P.2d 320 (1969). Inasmuch as we find that the trial court had jurisdiction over the consent judgment, a fortiori, we must also find that it had jurisdiction over the addendum which was also stipulated to by the parties.

Appellant next contends that appellee should be estopped from exercising its right under the judgment to accelerate the debt owed because it had previously accepted a past due installment.

Industrial Park bases the above contention partly upon the telegram of December 4, 1970, (in which U.S.I.F. gave it forewarning as to possible acceleration), and partly upon a letter dated January 7, 1971, sent by U.S.I.F. from which Industrial Park argues that U.S.I.F. apparently intended to challenge the agreement itself. Appellant argues that appellee's advance warning as to the first installment and its acceptance of the late payment, together with the aforementioned letter, "lulled it into a false security." Our examination of the record compels us to disagree with appellant's contention.

Our reading of the letter of January 7, 1971, leads us to the conclusion that appellee was not, as appellant contends, questioning the validity of the stipulated judgment, but was alluding to a specific situation arising out of the termination of the lease.

There also does not appear to be any obligation imposed by the judgment upon the appellee to give the appellant prior warning of a potential acceleration. Appellant knew that the installments were due and payable on the first of each month. It also knew that any default of payment could bring about an acceleration. The transmittal of the telegram giving advance warning of acceleration could not be construed as a kind of waiver of the above right. Appellee should not be held to have incurred the added responsibility of having to give advance warning every time the appellant was in default. The appellee waited until the 19th day of January before accelerating the judgment. We hold that the trial court did not abuse its discretion in finding that the appellee was not estopped from acting as it did in the matter.

Appellant's last contention is that the trial court abused its discretion in denying appellant's motion to vacate the recording and acceleration of judgment. It claimed that the facts as stated in the affidavit of Industrial Park's president presented a valid defense of accident and mistake, and that the court in equity should have set aside appellee's recording and acceleration of judgment.

The relief sought by appellant in the trial court was not forthcoming as a matter of right, but was discretionary with the trial court. 49 C.J.S. Judgments § 341, at pp. 690–691. Absent a clear showing of abuse of the court's discretion at the time of the hearing, or arbitrariness or unreasonableness, the decision of the trial court must stand. Smith v. Washburn & Condon, 38 Ariz. 149, 297 P. 879 (1931); Garden Development Co. v. Carlaw, 33 Ariz. 232, 263 P. 625 (1928).

Our examination of the record leads us to agree with appellee's contention that most, if not all, of the circumstances to which appellant alluded in its motion resulted not from any wrongful conduct on the part of appellee, but from appellant's own conduct which we believe appellant had an affirmative duty to guard against. It failed to meet its responsibility, however. We therefore find that the trial court did not abuse its discretion in ruling that the circumstances were insufficient to merit post-judgment relief.

Affirmed.

STEVENS and HAIRE, JJ., concurring.