**46**

540 P.2d 1265

The BOARD OF SUPERVISORS FOR PIMA
COUNTY, Arizona and Glen Knutson, as
County Zoning Inspector, Appellants,

v.

PIONEER NATIONAL TRUST COMPANY
OF ARIZONA, an Arizona Corporation, as
Trustee under Trust No. 10835, and Fred
Neasham and Patricia Neasham, husband
and wife, Appellees.

No. 2 CA–CIV 1883.

Court of Appeals of Arizona,
Division 2.

Oct. 14, 1975.

Rehearing Denied Nov. 25, 1975.
Review Denied Dec. 16, 1975.

Dennis DeConcini, Pima County Atty.,
by Howard D. Watt and Melvin C. Cohen,
Deputy County Attys., Tucson, for appellants.

Garven W. Videen, Tucson, for appellees.

OPINION

HATHAWAY, Judge.

This is an appeal from a superior court order requiring Glen Knutson, the Pima County Zoning Inspector, to issue a building and use permit to appellees. Knutson had refused to issue the permit on the grounds that the land was in the floodplain zone. Appellees filed a special action and order to show cause in the superior court. A hearing was held on the order to show cause.

Appellants claim that appellees did not exhaust their administrative remedies because they did not appeal to the Pima County Flood Plain Board, i. e., the Board of Supervisors. A.R.S. § 45–2342(F) and (G) provide:

"F. One hundred eighty days after the effective date of this article, and at all times thereafter all subdivision of land, construction of dwelling units or com-

mercial or industrial structures or future development within delineated floodplain areas is prohibited unless:

1. Seventy-five percent of such floodplain area within a platted and approved subdivision to be developed and utilized for such units and structures has been so developed and utilized on the effective date of this article; or

2. Prior to regulations having been adopted, a special permit is granted by the floodplain board; or

3. A special permit is granted by the state agency having the primary land management administrative duty over the lands if development or construction is to be on lands owned or held in trust by the state; or

4. Floodplain regulations have been adopted pursuant to this article for such floodplain area and are in full force and effect.

G. The floodplain board prior to adopting regulations may issue a special permit authorizing construction or development when the floodplain board finds that construction or development is not a danger to persons or property."

The case was tried under A.R.S. § 45–2342(F)(1). This section does not provide for a determination by the Flood Plain Board. Therefore, the superior court, as a court of general jurisdiction, may hear the case. *Kemble v. Stanford*, 86 Ariz. 392, 347 P.2d 28 (1959); *Industrial Park Corp. v. U.S.I.F. Palo Verde Corp.*, 19 Ariz.App. 342, 507 P.2d 681 (1973).

Appellants also contend that the superior court failed to follow Rule 4(e), Rules of Procedure for Special Actions, 17A A.R.S., because it did not set forth the triable issues of fact and did not make special orders concerning discovery. There is no requirement that the court set forth the issues of fact. Furthermore, the only issue of fact, whether the zoning inspector acted properly in denying the permit, was clearly presented in appellees' special ac-

tion petition and in appellants' answer. We find no prejudice.

Nor do we find prejudice in the superior court's failure to order disclosure. The special action petition was filed in May and heard in December, yet appellants did not ask for discovery until their closing argument.

Affirmed.

HOWARD, C. J., and KRUCKER, J., concur.