547 P.2d 56

**INDUSTRIAL PARK CORPORATION, a California Corporation, and F. M. McCown, Appellants,**

v.

**U. S. I. F. PALO VERDE CORPORATION, an Arizona Corporation, et al., Appellees.**

**No. I CA–CIV 2637.**

Court of Appeals of Arizona,
Division 1,
Department B.

March 23, 1976.

Leibsohn, Eaton, Gooding & Romley, P. C., by Joe M. Romley, Phoenix, for appellants.*

Sullivan, Mahoney & Tang, by William P. Mahoney, Jr., Phoenix, for appellees.

## OPINION

SCHROEDER, Judge.

The issues in this case concern the extent to which the appellants are bound under principles of res judicata or collateral estoppel by a judgment entered in previous litigation between appellant Industrial Park Corporation (hereafter "Industrial Park") and appellee U.S.I.F. Palo Verde Corporation (hereafter "U.S.I.F."). The prior judgment was affirmed by this Court. *Industrial Park Corporation v. U. S. I. F. Palo Verde Corporation,* 19 Ariz.App. 342, 507 P.2d 681 (1973).

The trial court in this action entered summary judgment against both appellants, who were plaintiffs below, based upon defendant's contention that the action was barred by the prior litigation. We hold that this judgment must be affirmed with respect to appellant Industrial Park, which was an actual party to the prior litigation. However, the judgment against appellant McCown, who is the principal stockholder of Industrial Park but who was not an actual party to the prior action, must be reversed.

This case, like the prior action, arose from a series of transactions entered into in 1969 between Industrial Park and U.S. I.F. By written instruments, Industrial Park agreed to sell certain industrial property to U.S.I.F., and U.S.I.F. in turn agreed that the property would be leased back to Industrial Park. Industrial Park, which was required to pay substantial rent to U.S.I.F., fell in arrears on rental payments, and U.S.I.F. brought the prior action, denominated as a forcible detainer action, against Industrial Park. In the course of that litigation, U.S.I.F. and Industrial Park entered into a written stipulation, and the court entered judgment incorporating that stipulation. In material part, the stipulated judgment provided that U.S.I.F. would have possession of the real estate, that Industrial Park would pay in installments approximately $60,000 as damages to U.S.I.F., and that the parties waived any other claims with respect to the written sale and leaseback agreements. Industrial Park failed to make timely installment payments on the judgment, and U.S.I.F. then accelerated the judgment and executed upon it.

Industrial Park, after retaining different counsel, then appealed the earlier judgment to this Court, which affirmed in *Industrial Park Corporation v. U. S. I. F. Palo Verde Corporation, supra.* In that earlier appeal, Industrial Park argued that the trial court was without jurisdiction to enter the stipulated judgment which provided for damages, and thus went beyond the scope of matters to be litigated in a forcible detainer action. In affirming the consent judgment, this Court in essence held that where the parties stipulated to relief broader than that normally encompassed in a forcible detainer action, the court had jurisdiction to consider and enter the judgment:

> "We agree with appellee's contention that the mere labeling of a particular action does not necessarily foreclose or limit the Superior Court's capacity to hear a stipulation by the parties concerning a matter which the Constitution and laws of Arizona specifically empower it to entertain. Further, though the action in forcible detainer deals essentially with

* Counsel for appellants were permitted to withdraw following the filing of briefs, and there was no appearance on behalf of appellants at oral argument.

the issue of possession, *Heywood v. Ziol,* 91 Ariz. 309, 372 P.2d 200 (1962), we find that there is nothing which specifically limits it to that adjudication where both parties stipulated to broader relief. Cf. Arizona Rules of Civil Procedure, Rule 15(b), 16 A.R.S." (19 Ariz.App. at 345, 507 P.2d at 684).

This Court also approved the acceleration of the debt and U.S.I.F.'s execution on it.

Prior to this Court's decision in the earlier case, Industrial Park and Mr. McCown filed this action against U.S.I.F. and corporations affiliated with it. Plaintiffs sought rescission or reformation of the sale and leaseback agreements, and damages. Mr. McCown's action for damages to his personal finances arises from his personal obligation on the mortgage of the real property, although the exact nature of these obligations is unclear from the record. After this Court's opinion was handed down, defendants moved for summary judgment on the ground that the previous litigation precluded the plaintiffs from maintaining this action. The court below granted the motion and dismissed the case. Plaintiffs now appeal to this Court.

■ Resolution of this appeal requires the application of principles of res judicata and collateral estoppel, or issue preclusion. Our Supreme Court has explained the basic principle of res judicata as follows:

"Briefly stated, the doctrine of res judicata is that an existing final judgment rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction, is conclusive as to every point decided therein and also as to every point raised by the record which could have been decided, with respect to the parties and their privies, in all other actions in the same or any other judicial tribunal of concurrent jurisdiction." *Hoff v. City of Mesa,* 86 Ariz. 259, 261, 344 P.2d 1013 at 1014 (1959).

■ The United States Supreme Court has described the distinction between res judicata and collateral estoppel in the following terms:

"The basic distinction between the doctrines of *res judicata* and collateral estoppel, as those terms are used in this case, has frequently been emphasized. Thus, under the doctrine of *res judicata,* a judgment 'on the merits' in a prior suit involving the same parties or their privies bars the second suit based on the same cause of action. Under the doctrine of collateral estoppel, on the other hand, such a judgment precludes relitigation of issues actually litigated and determined in the prior suit, regardless of whether it was based on the same cause of action as the second suit." *Lawlor v. National Screen Service Corp.,* 349 U.S. 322, 326, 75 S.Ct. 865, 867, 99 L.Ed. 1122 (1955).

In deciding the extent to which this action is barred by the previous litigation, we must look both to the degree of identity of the parties and to the degree of identity of the issues in the two actions. Since U.S.I. F. and Industrial Park were both actual parties to the prior litigation, we first examine the correctness of the judgment entered below in favor of U.S.I.F. and against Industrial Park.

Appellants' position is that while both U.S.I.F. and Industrial Park were parties to the prior action, the causes of action in the two cases are totally different. The prior case was a forcible detainer action, which by its nature is limited to summary disposition of the question of possession, while the instant case relates to the validity of the entire sale and leaseback transaction. Therefore, argue appellants, U.S.I.F. cannot be precluded from litigating other issues involving the sale and leaseback.

Appellees' initial response is that, since the parties agreed to the entry of judgment in the prior action not merely with respect to possession but also with respect to damages, the action was not a forcible detainer action, and was transformed into an ordinary civil action. Therefore, under applicable law, Industrial Park is barred as to

any matters which it could have raised in that litigation.[1]

We cannot agree with this contention. The prior action was denominated a forcible detainer, and the defendant in that action, Industrial Park, could not as a matter of right have raised any issues other than issues relating to possession. A.R.S. § 12–1177; *Olds Bros. Lumber Co. v. Rushing,* 64 Ariz. 199, 167 P.2d 394 (1946); *Gangadean v. Erickson,* 17 Ariz. App. 131, 495 P.2d 1338 (1972). This Court's prior opinion properly held that the trial court had jurisdiction to enter judgment on other matters only so long as the parties had stipulated to the entry of such judgment. That is a far cry from holding that the defendant was required in the first instance to plead all of its claims against the plaintiff or forever be barred by collateral estoppel from litigating those matters.

However, appellees further argue that res judicata bars the claim of Industrial Park here because in the prior litigation, Industrial Park actually stipulated to the entry of a judgment which expressly waived all of Industrial Park's claims with respect to these transactions. The waiver reads as follows:

"6. The parties heretofore waive any and all demands, claims and litigation incident thereto, arising from any obligations incident to the lease agreement and any other written agreements between the parties excepting the within agreement and this Judgment."

The prior judgment thus did in fact determine all of the rights of U.S.I.F. and Industrial Park with respect to the sale and leaseback agreements. We, therefore, agree with appellees that the consent judgment containing this express waiver is res judicata and bars Industrial Park from maintaining the instant claims against U. S.I.F.[2]

Since we hold that the claims of Industrial Park against U.S.I.F. are barred by res judicata, we turn next to the claims of Industrial Park against the other defendants. The other corporate defendants are all related in some fashion to the defendant U.S.I.F. From our reading of the complaint and of the issues urged on appeal, we conclude that the plaintiffs have alleged no independent causes of action against the other corporations. Their liability would be totally derivative of the liability of the defendant U.S.I.F., which was the actual party to the transactions and to the prior litigation. It is well established that in such circumstances, parties to a second action may assert res judicata as if they had been parties in the first action when their liability is derived from that of a party to the original action.

Section 99 of the Restatement of the Law, Judgments (1942) entitled "Where Liability of a Person is Based Solely upon the Act of Another" states:

"A valid judgment on the merits and not based on a personal defense, in favor of a person charged with the commission of a tort or a breach of contract, bars a subsequent action by the plaintiff against another responsible for the conduct of such person if the action is based solely upon the existence of a tort or breach of contract by such person, whether or not the other person has a right of indemnity."

---

1. Rule 13(a), Arizona Rules of Civil Procedure.

2. Industrial Park has attempted to circumvent the waiver by presenting an affidavit of its counsel in the prior litigation that "[i]t was the expectation of Industrial Park's officers that inclusion of the word 'written' would allow them at a later date to raise any matters which did not pertain to the enforcement of written agreements between the parties and was thus not an unconditional release of all claims between the parties." (A. 59). In our view, the waiver is, though inartfully drawn, an unambiguous waiver of the claims Industrial Park has alleged in its complaint in this action. Industrial Park cannot now seek to alter the plain meaning of the waiver incorporated in the prior judgment.

The position of the other defendants here is similar to that of a master whose liability is derivative of the negligence of his employee, and there has been a judgment in favor of the employee. In such a situation, the action against the master is barred. *See Torres v. Kennecott Copper Corporation,* 15 Ariz.App. 272, 488 P.2d 477 (1971). The general principle, with respect to principals and agents, is also set forth in 46 Am.Jur.2d *Judgments* § 570 at 730–31:

> "Where the relations between two parties are analogous to that of principal and agent, the rule is that a judgment in favor of either, in an action brought by a third party, rendered upon a ground equally applicable to both, should be accepted as conclusive against the plaintiff's right of action against the other. Thus, it has been held that where the liability of a principal is derivative, a judgment on the merits in favor of the agent is res judicata in favor of the principal, although he was not a party to the earlier action. And where a judgment is in favor of the principal, a judgment is res judicata in an action against the agent, a derivative responsibility being present."

In the instant case, the plaintiffs did not argue either to the trial court or in the briefs to this Court that there existed any independent causes of action against the other corporations. Industrial Park's right to maintain this action against the other corporations rises and falls with its right to maintain the action against U.S.I.F. Since we have concluded that the action against U.S.I.F. is barred, the judgment in favor of the other corporations as against Industrial Park must be affirmed as well.

■ Finally, we turn to the claims of Mr. McCown. Mr. McCown's claims are for damages suffered by him as a result of the transactions between U.S.I.F. and Industrial Park. The legal issues and facts underlying Mr. McCown's claims may to some degree be the same as those underlying Industrial Park's claims. However, Mr. McCown is seeking recovery of damages he suffered as a result of his personal obligations in connection with the transaction, and his claims are to that extent separate and distinct from the claims of the corporation.[3]

Mr. McCown was not a party to the prior litigation, nor could he as a matter of right have asserted his claim in that litigation, since it was a forcible detainer action. Appellees contend, however, that because McCown is the principal shareholder of Industrial Park, his claims are barred by the judgment entered in the prior litigation against Industrial Park. We do not agree.

Appellees rely upon *San Manuel Copper Corporation v. Redmond,* 8 Ariz.App. 214, 445 P.2d 162 (1968), which held that defendants who had previously appeared and unsuccessfully litigated a factual issue against the corporation, could not relitigate that same issue in a second suit brought by the controlling corporate officer of the corporation who was not an actual party to the first suit. The court stated:

> "A corporate officer who has control over the litigation in the corporate name would be subject to collateral estoppel or res judicata if the same action for facts determined were to be used by him personally." 8 Ariz.App. at 219, 445 P.2d at 167.

The quoted language is in accord with the Restatement of the Law, Judgments § 84 at 390 (1942):

> "A person who is not a party but who controls an action, individually or in cooperation with others, is bound by the adjudications of litigated matters as if he were a party if he has a proprietary

---

3. As previously indicated, the nature of McCown's obligations are unclear from the record. We have assumed for the balance of this opinion that these obligations are not derivative of the corporation, but are personal and to this extent distinct from the corporation's claim.

or financial interest in the judgment or in the determination of a question of fact or of a question of law with reference to the same subject matter or transaction . . . ."

It is also in accord with Restatement of the Law, Second, Judgments § 83 (Tent. Draft No. 2, 1975):

"A person who is not a party to an action but who controls or substantially participates in the control of the presentation on behalf of a party is bound by the determination of issues decided as though he were a party." [4]

Thus, if Mr. McCown had actual control of the prior litigation on behalf of Industrial Park, he would be precluded to the same extent Industrial Park would be precluded from litigating issues embraced within the terms of the consent judgment. McCown could not attack the validity or enforcement of the judgment against U.S. I.F. The record before us does not show that Mr. McCown did in fact control the prior litigation, and the summary judgment entered against Mr. McCown would have to be reversed on that basis alone.

More than that, however, even if Mr. McCown did control the prior litigation, the judgment in that case should not bar McCown from raising the validity of the sale and leaseback transaction insofar as his personal liability was concerned. Any underlying issues of law and fact common to the claims of Industrial Park and Mr. McCown's personal claims were not actually litigated. The prior case was disposed of by a consent judgment which eliminated any claims of Industrial Park, but did not purport to determine the underlying issues of fact concerning Mr. McCown's personal liability. In *Moore Drug Co. v. Schaneman,* 10 Ariz.App. 587, 589, 461 P.2d 95, 97 (1969), this Court stated:

"Collateral estoppel issue preclusion by judgment is applicable where the issue or fact to be litigated was actually litigated in a previous suit, a final judgment was entered, and the party against whom the doctrine is to be invoked had full opportunity to litigate the matter and actually did litigate it, provided such issue or fact was essential to the prior judgment." (Emphasis deleted).

As discussed earlier in this opinion, since that action was a forcible detainer action, and neither Industrial Park nor McCown could as a matter of right have litigated all of the underlying issues, the prior judgment should not preclude Mr. McCown's litigating the issue of his personal liability in his personal action against the defendants.

The judgment against Industrial Park is affirmed, and the judgment against Mr. McCown is reversed and remanded for proceedings consistent with this opinion.

JACOBSON, P. J., and WREN, J., concurring.

---

4. Comment *c* to Restatement of the Law, Second, *supra,* explains control as follows:
"*c.* Elements of control. To have control of litigation requires that a person have effective choice as to the legal theories and proofs to be advanced in behalf of the party to the action. He must also have control over the opportunity to obtain appellate review. Compare § 68.1(a). Whether his involvement in the action is extensive enough to constitute control is a question of fact, to be resolved with reference to these criteria. It is sufficient that the choices were in the hands of counsel responsible to the controlling person; moreover, the requisite opportunity may exist even when it is shared with other persons. It is not sufficient, however, that the person merely contributed funds or advice in support of the party or appeared as *amicus curia.*"