837 P.2d 1180

**ALDRICH AND STEINBERGER, a California general partnership; and 302 Associates, a California limited partnership, Plaintiffs/Appellants,**

**v.**

**Pat MARTIN and John Doe Martin, wife and husband; and Realty Executives of Casa Grande, Inc., an Arizona corporation, Defendants/Appellees.**

No. 2 CA–CV 91–0129.

Court of Appeals of Arizona, Division 2, Department B.

April 16, 1992.

Review Denied Oct. 20, 1992.

Meyer, Hendricks, Victor, Osborn & Maledon by Bruce E. Meyerson and Mary E. Berkheiser, Phoenix, for plaintiffs/appellants.

Fitzgibbons Law Offices by David A. Fitzgibbons, III, Casa Grande, for defendants/appellees.

## OPINION

FERNANDEZ, Presiding Judge.

This is an appeal from a summary judgment entered in favor of appellees Pat Martin and her husband and Realty Executives of Casa Grande, Inc. (collectively referred to as Martin) in which the trial court found that the claims asserted against them were barred because of res judicata and collateral estoppel. We affirm.

Appellant Aldrich and Steinberger, a California general partnership [1] (A & S), was the assignee of Ambassador I, Limited Partnership, which purchased 302 acres of unimproved land in Pinal County pursuant to a contract executed in July 1985. Sol Polk, acting as the nominee for Rand Realty & Development Company, was the seller of the property and Pat Martin, an employee of Realty Executives, was Polk's real estate agent. When escrow closed in February 1986, A & S took title to the property. The two partners actively involved in the transaction were Kenneth Aldrich, a Harvard Law School graduate, who has been involved full time in the acquisition, sale, and development of all kinds of commercial real estate since 1969, and Ralph Steinberger, a licensed Arizona real estate broker, who received a real estate commission from the purchase.

One of the provisions of the purchase contract reads as follows:

STATUS OF WARRANTIES AND REPRESENTATIONS. Any representations or information ... concerning the Premises, ... physical condition, value, ... or other material matters ... are believed to be reliable but were provided by others and, therefore, Broker makes no warranty, express or implied, as to the accuracy of such information. Buyer represents by signing this contract that he has (or will have prior to the closing hereunder) conducted an independent investigation of any and all matters concerning this purchase, and by closing hereunder accepts the Premises ... AS IS and NO WARRANTY of any kind, express or implied (including WARRANTY OF MERCHANTABILITY) shall survive the closing. Broker and Seller are hereby released from all responsibility regarding the condition or valuation thereof, and neither Buyer, Seller nor Broker shall be bound by any understanding, agreement, promise or representation, express or implied, not specified herein.

A typed rider to the printed purchase contract provides:

Buyer is acquiring the property as is, where is, without any representations or warranties by Seller regarding the condition, nature or quality of the property.

A title report reflected that the property is within the boundaries of the Pinal County Flood Control District.

A & S sued Polk and Martin in February 1988, alleging claims for breach of contract, fraud, negligent misrepresentation, breach of duty, and innocent misrepresentation. All counts are based on the allega-

---

1. The complaint alleges that appellant 302 Associates, a California limited partnership, is the successor in interest of Aldrich and Steinberger. It is unclear why both entities were named as plaintiffs.

tion that Pat Martin misrepresented that only a fraction of the property is in a flood plain and that the costs of improvements because of that fact would be minimal.

Polk died shortly after suit was filed, and A & S filed a claim against his estate in Cook County, Illinois. The claim is a one-page document that contains essentially the same allegations as the complaint. The complaint filed in this case and the purchase contract were attached to the claim.

The executors of Polk's estate moved to dismiss the claim on two grounds: 1) the claim was released by the above-quoted language of the purchase contract, and 2) the express disclaimer of any representation or warranty in both the printed contract and the typed rider to the contract constituted other affirmative matter that defeated the claim. The executors argued that any alleged actionable representations had been released by the terms of the contract.

A & S responded to the motion in part with an affidavit by Aldrich in which he stated that Martin's representations about the flood plain were made between November 1, 1985 and February 6, 1986, after the purchase contract was executed but before the close of escrow. A & S argued that the release provision did not bar claims for breach of contract and misrepresentations that occurred subsequent to the execution of the contract. After a hearing, the Illinois court dismissed the claim based on the release language and the existence of other affirmative matters that had the effect of defeating the claim. In the transcript of the hearing, the judge commented that the release language of the contract is "very clear." No appeal was taken from the dismissal.

Meanwhile, this suit was placed on the inactive calendar in November 1988 and was dismissed on January 18, 1989 for lack of prosecution. At the hearing in Illinois, the judge was advised that this action had been dismissed. After the Illinois claim was denied on February 14, 1989, A & S immediately moved to reinstate this action; the motion was granted in June. Polk's

executors subsequently settled with A & S and were dismissed from this action.

Martin then moved for summary judgment on several grounds. The court found that fact issues existed on all grounds except for collateral estoppel and res judicata. The propriety of that order is the basis for this appeal.

## COLLATERAL ESTOPPEL

In response to Martin's summary judgment motion on the grounds of res judicata and collateral estoppel, A & S raised below only the theory that neither res judicata nor collateral estoppel applied because Martin was not a party to the Illinois action and was not a privy of Polk so that the Illinois judgment entered in his favor could not be used defensively by Martin in this lawsuit. In its opposition, A & S made no real distinction between res judicata and collateral estoppel.

■ In its opening brief here, A & S argues that the trial court erred in treating the two concepts alike despite the fact that A & S did not ask the court to treat them differently. A & S argues that no new issues or theories have been raised on appeal because the doctrines of res judicata and collateral estoppel were both before the trial court. We disagree. The fact that those doctrines were before the court does not preserve for review any and all aspects of those doctrines that A & S chooses to raise on appeal. Only the theory expressly raised, that of privity, was properly preserved for appeal. *Richter v. Dairy Queen of Southern Arizona,* 131 Ariz. 595, 643 P.2d 508 (App.1982).

■ We also find no merit to A & S's contention that this is the type of case in which we should exercise our discretion and consider the unargued issues anyway. That discretion is appropriately exercised only in cases in which a constitutional issue is raised, *Barrio v. San Manuel Division Hospital,* 143 Ariz. 101, 692 P.2d 280 (1984); the question is one of statewide public importance, *Rubens v. Costello,* 75 Ariz. 5, 251 P.2d 306 (1952); there is clearly a wrong to be redressed, *Bohonus v. Am-*

**448**

*erco,* 124 Ariz. 88, 602 P.2d 469 (1979); or the unraised issue will dispose of the case on appeal and avoid the futility of returning it to the trial court to produce the same result, *Regan v. First National Bank,* 55 Ariz. 320, 101 P.2d 214 (1940). None of those compelling reasons exists in this case. Therefore, we do not address any of A & S's arguments on collateral estoppel.

## RES JUDICATA

"[U]nder the doctrine of *res judicata,* a judgment 'on the merits' in a prior suit involving the same parties or their privies bars a second suit based on the same cause of action." *Lawlor v. National Screen Service Corp.,* 349 U.S. 322, 326, 75 S.Ct. 865, 867, 99 L.Ed. 1122, 1126 (1955). "The doctrine of res judicata binds the same parties standing in the same capacity in the subsequent litigation on the same cause of action, not only upon the facts actually litigated, but also upon those points which might have been (even though not expressly) litigated." *Di Orio v. City of Scottsdale,* 2 Ariz.App. 329, 330, 408 P.2d 849, 850 (1965).

■ A & S contends that res judicata cannot apply to bar this action against Martin because she was not a party to the Illinois action. A & S also argues that Martin cannot be considered a privy of Polk because she does not meet the definition of "privy" established by our supreme court as follows: " 'A privy is one who, *after rendition of the judgment,* has acquired an interest in the subject matter affected by the judgment through or under one of the parties, as by inheritance, succession, or purchase.' " *National Public Service Insurance Co. v. Welch,* 81 Ariz. 156, 161, 302 P.2d 926, 929 (1956), quoting *In re Hanson's Estate,* 126 Cal.App.2d 71, 77, 271 P.2d 563, 567 (1954) (emphasis in *Welch* ).

The question of who is a privy is a factual one requiring a case-by-case examination. *San Manuel Copper Corp. v. Redmond,* 8 Ariz.App. 214, 445 P.2d 162 (1968). As Martin has pointed out, the definition of

privy is not as narrow as A & S contends. In *Stuart v. Winslow Elementary School District No. 1,* 100 Ariz. 375, 414 P.2d 976 (1966), for instance, the court held that a school district or a county stands in privity with its taxpayers with the result that a judgment against a county in a suit by one taxpayer bars subsequent lawsuits by other taxpayers. *See also El Paso Natural Gas Co. v. State,* 123 Ariz. 219, 599 P.2d 175 (1979), *cert. denied,* 445 U.S. 938, 100 S.Ct. 1331, 63 L.Ed.2d 772 (1980). In *Krasse v. Del E. Webb Development Corp.,* 26 Ariz.App. 427, 429, 549 P.2d 207, 209 (1976), the court held: "The doctrine of res judicata will operate to bar a claim in certain instances where a litigant was neither a party or in privity with a party to the original judgment, but where his relationship to one who is a party has certain recognized legal significance." In that case, the relationship was that of indemnitor and indemnitee.

■ Res judicata has also been held to bar a claim by a third party against an employer when the employee has obtained a favorable judgment against the third party. *Torres v. Kennecott Copper Corp.,* 15 Ariz.App. 272, 488 P.2d 477 (1971). In *Industrial Park Corp. v. U.S.I.F. Palo Verde Corp.,* 26 Ariz.App. 204, 547 P.2d 56 (1976), the court quoted the following general rule applicable to principals and agents:

> 'Where the relations between two parties are analogous to that of principal and agent, the rule is that a judgment in favor of either, in an action brought by a third party, rendered upon a ground equally applicable to both, should be accepted as conclusive against the plaintiff's right of action against the other. Thus, it has been held that where the liability of a principal is derivative, a judgment on the merits in favor of the agent is res judicata in favor of the principal, although he was not a party to the earlier action. And where a judgment is in favor of the principal, a judgment is res judicata in an action against the agent, a derivative responsibility being present.'

*Id.* at 208, 547 P.2d at 60, quoting 46 Am. Jur.2d *Judgments* § 570 at 730–31 (1969).

That rule has been applied in federal courts to bar suit against an agent because of a prior judgment entered in favor of the principal. *Fiumara v. Fireman's Fund Insurance Cos.,* 746 F.2d 87 (1st Cir.1984); *Spector v. El Ranco, Inc.,* 263 F.2d 143 (9th Cir.1959).

Moreover, Restatement (Second) of Judgments § 51 (1980) provides:

> If two persons have a relationship such that one of them is vicariously responsible for the conduct of the other, and an action is brought by the injured person against one of them, the judgment in the action has the following preclusive effects against the injured person in a subsequent action against the other.
>
> (1) A judgment against the injured person that bars him from reasserting his claim against the defendant in the first action extinguishes any claim he has against the other person responsible for the conduct unless:
>
> (a) The claim asserted in the second action is based upon grounds that could not have been asserted against the defendant in the first action; or
>
> (b) The judgment in the first action was based on a defense that was personal to the defendant in the first action.

In this case, the allegations against Martin and Polk were exactly the same in both the complaint filed in this suit and the claim filed in Illinois. Martin is alleged to have acted only as Polk's agent; there is no allegation that she exceeded her authority. Because we find that the exceptions of § 51 do not apply here, we conclude that res judicata was properly applied.

Appellees will be awarded attorney's fees on appeal upon compliance with Rule 21(c), Ariz.R.Civ.App.P., 17B A.R.S.

Affirmed.

HATHAWAY and DRUKE, JJ., concur.