924 P.2d 479

**STATE of Arizona, Appellee,**

v.

**Joleen OVIND, Appellant.**

**No. 1 CA–CR 95–0298.**

Court of Appeals of Arizona,
Division 1, Department D.

March 12, 1996.

Review Denied Sept. 24, 1996.

476

Grant Woods, Attorney General by Paul J. McMurdie, Chief Counsel, Criminal Appeals Section, and Jack Roberts, Assistant Attorney General, Phoenix, for Appellee.

H. Allen Gerhardt, Coconino County Public Defender, Flagstaff, for Appellant.

## OPINION

KLEINSCHMIDT, Judge.

The Defendant, Joleen Ovind, suffered from a mental disorder. She shot and killed her neighbor because she believed that he was a CIA agent who was involved in "the infiltration." She was charged with first degree murder and waived a trial by jury. The trial judge found the Defendant guilty except

insane within the meaning of Arizona Revised Statutes Annotated ("A.R.S.") section 13–502 (Supp.1995). The Defendant was committed to a secure mental health facility and placed under the jurisdiction of the Psychiatric Security Review Board for the remainder of her natural life pursuant to A.R.S. section 13–3994 (Supp.1995). Since the statutes are relatively new, we set them out in full in the Appendix to this opinion.

## THE EVIDENCE WAS SUFFICIENT TO ESTABLISH THAT THE DEFENDANT WAS GUILTY OF PREMEDITATED MURDER

■ The Defendant contends that the finding that she was insane at the time she killed the victim cancels out the elements of first degree murder. She asks that the conviction and sentence be set aside and that a judgment of not guilty be entered. Her argument is this.

The elements of first degree murder are set out in A.R.S. section 13–1105(A)(1):

A. A person commits first degree murder if:

1. Intending or knowing that his conduct will cause death, such person causes the death of another with premeditation.

The minimum culpable mental state is that the act be done "knowingly" which means:

with respect to conduct or a circumstance described by a statute defining an offense, that a person is aware or believes that his or her conduct is of that nature or that the circumstance exists. It does not require knowledge of unlawfulness of the act or omission.

A.R.S. § 13–105(9)(b).

■ An act is premeditated if the perpetrator had time after forming the intent to kill to reflect on what he was about to do. The time for reflection need not be long. *State v. Guerra,* 161 Ariz. 289, 293–94, 778 P.2d 1185, 1189–90 (1989).

■ The argument continues as follows. Before the court can find the Defendant guilty except insane, it must find that the defendant was afflicted with a mental disease or defect of such severity that the person did not know the criminal act was wrong. A.R.S. § 13–502 (Supp.1995). It follows, the Defendant says, that a person who does not know that his conduct is wrong cannot form the intent to do the act knowingly. The Defendant does not cite any authority for her argument, and we do not believe that either pure logic, practical considerations or the demands of fairness compel the result for which she contends. The definition of first degree murder does not require proof that a person knew his conduct was "wrong." Clearly, this killing was done knowingly. The evidence shows that the Defendant threatened the victim before she killed him, that she shot him in the head four times, and that after the shooting she left a note relating what she had done.

■ It is even more important, the Defendant argues, that if a person does not know the act is wrong, he cannot meet the requirement of premeditation because the reflection required for premeditation includes the process of weighing the morality of the act. We disagree. An act can be premeditated even if the perpetrator does not weigh the morality of the conduct. The statutory definition of "premeditation" found in A.R.S. section 13–1101(1) requires sufficient time to permit reflection, but that reflection may be as rapid as successive thoughts of mind. *State v. Zmich,* 160 Ariz. 108, 111, 770 P.2d 776, 779 (1989). The statute says nothing about considering the morality of the act.

Even if the use of the word "reflection" in the statute could somehow be said to give rise to an inference that the perpetrator must cogitate over the morality of his conduct, the Defendant's argument fails. The statute, in providing for a verdict of guilty except insane, recognizes that such moral balancing would be meaningless if the perpetrator is unable to recognize the wrongfulness of what he does. The finding that the defendant was insane does not cancel out the elements of "knowingly" and "premeditation," but merely places the crime in a different category with a rational and more humane treatment of the insane offender.

478

## ALTHOUGH THE REFERENCE IN THE STATUTE TO THE "PRESUMPTIVE SENTENCE" IS AN APPARENT OVERSIGHT, THE STATUTE IS NOT VOID FOR VAGUENESS

█ The Defendant contends that A.R.S. section 13–502(D) is void for vagueness because it provides that a person found guilty except insane shall be committed, pursuant to A.R.S. section 13–3994 for the "presumptive term" prescribed for the crime committed. The Defendant did not raise an objection to the sentence imposed below, and indeed, through her counsel she agreed that commitment for her natural life was the appropriate term. We will nonetheless address the question because the trial court has no jurisdiction to impose a sentence in excess of that provided by statute. *State v. Jenson,* 123 Ariz. 72, 74, 597 P.2d 554, 556 (App.1979). At the very least, we consider the issue an important one which involves an oversight which the legislature may wish to remedy. *See Aldrich & Steinberger v. Martin,* 172 Ariz. 445, 447–48, 837 P.2d 1180, 1182–83 (App.1992).

Unlike the sentences for other crimes, the statute relating to first degree murder does not describe any sentence as the "presumptive" one. Arizona Revised Statutes section 13–703(A) provides that a person convicted of first degree murder shall suffer death, imprisonment for natural life, or imprisonment for twenty-five or, depending on the age of the victim, thirty-five calendar years without possibility of commutation or parole. If the judge does not specifically say that the sentence is for the natural life of the defendant, it shall be for twenty-five or thirty-five years.

The State conceded below that the guilty except insane statute does not mesh with A.R.S. section 13–703(A). It argues, however, that the sentence selected by the judge in this case—commitment for the Defendant's natural life—is tantamount to the presumptive sentence because it is neither the greatest sentence nor the least sentence provided by the statute for first degree murder.

█ In another respect, however, the sentence of commitment for the remainder of the Defendant's natural life is unlike a presumptive sentence. A judge must impose a presumptive sentence unless the judge weighs any aggravating and mitigating circumstances and finds that one overbalances the other. A.R.S. §§ 13–701(C) and 13–702(A) and (B). But under the sentencing statute for first degree murder, the sentence that the court will presumably apply unless it finds a reason to do otherwise is twenty-five years without commutation or parole. Viewed in this perspective, the *lowest* sentence that can apply is the sentence that is presumed to apply.

We conclude that the statute is ambiguous, probably the result of an oversight in drafting. Contrary to the Defendant's contention, however, this does not mean that the order of commitment must be vacated. Instead, we apply the rule of lenity and impose the least onerous commitment to which the statute exposes the Defendant. *See State v. Pena,* 140 Ariz. 545, 550, 683 P.2d 744, 749 (App.1983). Therefore, pursuant to the authority granted to us by A.R.S. section 13–4037 and *State v. Williams,* 182 Ariz. 548, 559, 898 P.2d 497, 508 (App.1995), we will amend the order for commitment to twenty-five years.

## COMMITMENT TO THE JURISDICTION OF THE REVIEW BOARD IS NOT A DENIAL OF DUE PROCESS

█ The Defendant, again for the first time on appeal, contends that commitment to the jurisdiction of the Psychiatric Review Board for twenty-five years denies her due process of law because it is overbroad. Again, we will consider the issue, which is purely one of law, because the issue is of general importance. *See Aldrich & Steinberger, supra.*

Specifically, the Defendant, relying on *Matter of Maricopa County Cause No. MH–90–00566,* 173 Ariz. 177, 181, 840 P.2d 1042, 1046 (App.1992), complains that a statute which submits her to the supervision of the board even if she is no longer mentally ill is overbroad. We agree with her statement of the law in the abstract, but we do not believe it applies in this case.

The statute does not subject the Defendant to confinement for any term of years or life, but only to the jurisdiction of the Psychiatric Security Review Board. She may be released conditionally or unconditionally when the board is persuaded that she is free of mental illness and no longer a threat to society. A.R.S. § 13–3994(F)(2) and (3). The statute provides for recurring opportunities for the Defendant to demonstrate these factors to the board. Subsection (L) of the statute permits the board to order a person returned for evaluation or treatment if the board determines that the individual's mental health has deteriorated. Given the fact that mental illness can wax and wane, the provision is neither irrational nor overbroad.

The judgment of guilty except insane is affirmed. The order of commitment is amended to twenty-five years.

PATTERSON, P.J., and GARBARINO, J., concur.

## APPENDIX

### 1. A.R.S. § 13–502. Insanity test; burden of proof; guilty except insane verdict

A. A person may be found guilty except insane if at the time of commission of the criminal act the person was afflicted with a mental disease or defect of such severity that the person did not know the criminal act was wrong. A mental disease or defect constituting legal insanity is an affirmative defense. Mental disease or defect does not include disorders that result from acute voluntary intoxication or withdrawal from alcohol or drugs, character defects, psychosexual disorders or impulse control disorders. Conditions that do not constitute legal insanity include but are not limited to momentary, temporary conditions arising from the pressure of the circumstances, moral decadence, depravity or passion growing out of anger, jealousy, revenge, hatred or other motives in a person who does not suffer from a mental disease or defect or an abnormality that is manifested only by criminal conduct.

B. In a case involving the death or serious physical injury of or the threat of death or serious physical injury to another person, if a plea of insanity is made and the court determines that a reasonable basis exists to support the plea, the court may commit the defendant to a secure state mental health facility under the department of health services, a secure county mental health evaluation and treatment facility or another secure licensed mental health facility for up to thirty days for mental health evaluation and treatment. Experts at the mental health facility who are licensed pursuant to title 32, who are familiar with this state's insanity statutes, who are specialists in mental diseases and defects and who are knowledgeable concerning insanity shall observe and evaluate the defendant. The expert or experts who examine the defendant shall submit a written report of the evaluation to the court, the defendant's attorney and the prosecutor. The court shall order the defendant to pay the costs of the mental health facility to the clerk of the court. The clerk of the court shall transmit the reimbursements to the mental health facility for all of its costs. If the court finds the defendant is indigent or otherwise is unable to pay all or any of the costs, the court shall order the county to reimburse the mental health facility for the remainder of the costs. Notwithstanding § 36–545.02, the mental health facility may maintain the reimbursements. If the court does not commit the defendant to a secure state mental health facility, a secure county mental health evaluation and treatment facility or another secure licensed mental health facility, the court shall appoint an independent expert who is licensed pursuant to title 32, who is familiar with this state's insanity statutes, who is a specialist in mental diseases and defects and who is knowledgeable concerning insanity to observe and evaluate the defendant. The expert who examines the defendant shall submit a written report of the evaluation to the court, the defendant's attorney and the prosecutor. The court shall order the defendant to pay the costs of the services of the independent expert to the clerk of the court. The clerk of the court shall transmit the reimbursements to the expert. If the court finds the defendant is indigent or otherwise unable to pay all or any of the costs, the court shall order the county to reimburse the expert for the remainder of the costs. This

subsection does not prohibit the defendant or this state from obtaining additional psychiatric examinations by other mental health experts who are licensed pursuant to title 32, who are familiar with this state's insanity statutes, who are specialists in mental diseases and defects and who are knowledgeable concerning insanity.

C. The defendant shall prove his legal insanity by clear and convincing evidence.

D. If the finder of fact finds the defendant guilty except insane, the court shall determine the presumptive sentence the defendant could have received pursuant to § 13-701, subsection C, § 13-703, subsection A or § 13-707 if he had not been found insane, and the judge shall commit the defendant pursuant to § 13-3994 for that term. The court shall expressly identify each act that the defendant committed and separately find whether each act involved the death or physical injury of or a substantial threat of death or physical injury to another person.

E. A guilty except insane verdict is not a criminal conviction for sentencing enhancement purposes under § 13-604.

## 2. A.R.S. § 13-3994. Commitment; hearing; jurisdiction; definition

A. A person who is found guilty except insane pursuant to § 13-502 shall be committed to a secure state mental health facility under the department of health services for a period of treatment.

B. If the criminal act of the person committed pursuant to subsection A of this section did not cause the death or physical injury of or the threat of death or physical injury to another person, the court shall set a hearing date within seventy-five days after the person's commitment to determine if he is entitled to release from confinement, or if he meets the standards for civil commitment pursuant to title 36, chapter 5. The court shall notify the medical director of the mental health facility, the attorney general, the county attorney, the victim and the attorney representing the person, if any, of the date of the hearing. Fourteen days before the hearing the director of the mental health facility shall submit to the court a report addressing the person's mental health and dangerousness.

C. At a hearing held pursuant to subsection B of this section:

1. If the person proves by clear and convincing evidence that the person no longer suffers from a mental disease or defect the court shall order the person's release and the person's commitment ordered pursuant to § 13-502, subsection D shall terminate.

2. If the court finds that the person still suffers from a mental disease or defect, and may present a threat of danger to self or others, is gravely disabled, or is persistently or acutely disabled, it shall order the county attorney to institute civil commitment proceedings pursuant to title 36 and the person's commitment ordered pursuant to § 13-502, subsection D shall terminate.

D. If the court finds that the criminal act of the person committed pursuant to subsection A of this section caused the death or physical injury of or the threat of death or physical injury to another person, the court shall place the person under the jurisdiction of the psychiatric security review board. The length of the board's jurisdiction over the person is equal to the sentence the person could have received pursuant to § 13-701, subsection C or § 13-703, subsection A.

E. A person who is placed under the jurisdiction of the psychiatric security review board pursuant to subsection D of this section is not eligible for discharge from the board's jurisdiction until the board's jurisdiction over the person expires.

F. A person who is placed under the jurisdiction of the psychiatric security review board pursuant to subsection D of this section is not entitled to a hearing before the board earlier than one hundred twenty days after the person's initial commitment. After the hearing, the board may take one of the following actions:

1. If the psychiatric security review board finds that the person still suffers from a mental disease or defect and is dangerous, the person shall remain committed at the secure state mental health facility.

2. If the person proves by clear and convincing evidence that he no longer suffers from a mental disease or defect, the psychiatric security review board shall order the person's release. The person shall remain under the jurisdiction of the board.

3. If the psychiatric security review board finds that the person still suffers from a mental disease or defect or that the mental disease or defect is in stable remission but the person is no longer dangerous, the board shall order the person's conditional release. The person shall remain under the board's jurisdiction. The board in conjunction with the state mental health facility and behavioral health community providers shall specify the conditions of the person's release. The board shall continue to monitor and supervise a person who is released conditionally. Before the conditional release of a person, a supervised treatment plan shall be in place, including the necessary funding to implement the plan.

G. A person who is placed under the jurisdiction of the psychiatric security review board pursuant to subsection D of this section may not seek a new release hearing earlier than six months after a prior release hearing. The person shall not be held in confinement for more than two years without a hearing before the board to determine if the person should be released or conditionally released.

H. At any hearing for release or conditional release pursuant to this section:

1. Public safety and protection are primary.

2. The applicant has the burden of proof by clear and convincing evidence.

I. At least thirty days before a person is released, the state mental health facility or supervising agency shall submit to the psychiatric security review board a report on the person's mental health. The psychiatric security review board shall determine whether to release the person or to order the county attorney to institute civil commitment proceedings pursuant to title 36.

J. The procedures for civil commitment govern the continued commitment of the person after the expiration of the jurisdiction of the psychiatric security review board.

K. Before a person is released or conditionally released, at least three of the four psychiatric security review board members shall vote for the release or conditional release.

L. If at any time while the person remains under the jurisdiction of the psychiatric security review board it appears to the board or the medical director of the state mental health facility that the person has failed to comply with the terms of his conditional release or that the mental health of the person has deteriorated, the board or the medical director of the state mental health facility may order that the person be returned to a secure state mental health facility for evaluation or treatment. A written order of the board or the medical director is sufficient warrant for any law enforcement officer to take the person into custody and to transport the person accordingly. Any sheriff or other peace officer shall execute the order and shall immediately notify the board of the person's return to the facility. Within twenty days after the person's return to a secure state mental health facility the board shall conduct a hearing and shall give notice within five days before the hearing of the time and place of the hearing to the person, the victim, the attorney representing the person, the county attorney and the attorney general.

M. The director of a facility that is providing treatment to a person on conditional release or any other person who is responsible for the supervision of the person may take the person or request that the person be taken into custody if there is reasonable cause to believe that the person's mental health has deteriorated to the point that the person's conditional release should be revoked and that the person is in need of immediate care, custody or treatment or that deterioration is likely because of noncompliance with a treatment program. A person who is taken into custody pursuant to this subsection shall be transported immediately to a secure state mental health facility and shall have the same rights as any person

appearing before the psychiatric security review board.

N. Before the initial hearing or any other hearing before the psychiatric security review board on the release or conditional release of the person, the person, the attorney who is representing the person and the attorney general or county attorney who is representing the state may choose a psychiatrist licensed pursuant to title 32, chapter 13 or 17 or a psychiatrist licensed pursuant to title 32, chapter 19.1 to examine the person. The written examination results shall be filed with the board and shall include an opinion as to:

1. The mental condition of the person.

2. Whether the person is dangerous.

O. For the purposes of this section, "state mental health facility" means a secure state mental health facility under the department of health services.