316 P.3d 1263

**Alvaro Gonzalez ACOSTA and Dolores Gonzalez Sierra, husband and wife, Plaintiffs/Appellants,**

v.

**KIEWIT–SUNDT, a joint venture, Defendant/Appellee.**

No. 1 CA–CV 13–0019.

Court of Appeals of Arizona, Division 1.

Jan. 23, 2014.

Knapp & Roberts, P.C., By David L. Abney, Nicholas M. Alcock, Scottsdale, Counsel for Plaintiffs/Appellants.

Garrey, Woner, Hoffmaster & Peshek, P.C., By D. Reid Garrey, Erin M. Evans, Margaret K. Hoffmaster, Scottsdale, Counsel for Defendant/Appellee.

Judge RANDALL M. HOWE, presiding, delivered the opinion of the Court, in which Judge SAMUEL A. THUMMA and Judge PATRICIA A. OROZCO joined.

**OPINION**

HOWE, Judge.

¶ 1 Alvaro Gonzalez Acosta and his wife Delores Gonzalez Sierra appeal the grant of

---

summary judgment to Kiewit–Sundt, arguing that the State Compensation Fund ("SCF")[1] had failed to reassign Acosta's claim pursuant to A.R.S. § 23–1023(B) before filing suit. Because the 2007 amendments to § 23–1023(B) no longer automatically trigger an assignment of Acosta's claim to SCF, no reassignment was necessary. We therefore reverse and remand for further proceedings.

## FACTS AND PROCEDURAL HISTORY

¶ 2 Acosta was employed by Contractors West, a subcontractor for Kiewit–Sundt, which was the general contractor on a construction project. On March 17, 2010, Acosta was working within the scope of his employment when he was injured. Acosta received workers' compensation benefits from Contractors West's insurer, SCF. Although Acosta was permitted to immediately sue Kiewit–Sundt under A.R.S. § 23–1023(A)—which allows a person entitled to workers' compensation who is injured by the conduct of another person not in the same employ to sue that other person—he did not do so.

¶ 3 On March 14, 2011, Acosta asked SCF to reassign the claim to him so that he could sue Kiewit–Sundt for his injuries, but SCF refused. Acosta nevertheless sued Kiewit–Sundt for negligence on March 15, 2012. Kiewit–Sundt moved for summary judgment, arguing that Acosta's claims failed as a matter of law because Acosta had failed to (1) file suit within the one year required by A.R.S. § 23–1023(B) or (2) obtain a reassignment of the claim before filing suit. Kiewit–Sundt argued that, without the reassignment, Acosta could not bring an action because SCF owned the claim. After full briefing, the court granted Kiewit–Sundt summary judgment, finding that Acosta failed to obtain a reassignment of the claim. Acosta timely appealed.

## DISCUSSION

¶ 4 In reviewing a grant of summary judgment, we determine de novo whether any genuine issues of material fact exist and whether the trial court properly applied the law. *Ochser v. Funk*, 228 Ariz. 365, 369, ¶ 11, 266 P.3d 1061, 1065 (2011). If the party moving for summary judgment fails to establish entitlement to judgment as a matter of law, summary judgment should not be granted. Ariz. R. Civ. P. 56(e)(4); *Nat'l Bank of Ariz. v. Thruston*, 218 Ariz. 112, 115, ¶ 12, 180 P.3d 977, 980 (App.2008). Statutory interpretation is also an issue of law that we review de novo. *First Credit Union v. Courtney*, 233 Ariz. 105, 108, ¶ 9, 309 P.3d 929, 931 (App.2013). "We interpret statutes to give effect to the legislature's intent, looking first to the statutory language itself." *Baker v. Univ. Physicians Healthcare*, 231 Ariz. 379, 383, ¶ 8, 296 P.3d 42, 46 (2013). "When the language is clear and unambiguous, and thus subject to only one reasonable meaning, we apply the language without using other means of statutory construction." *Id.*

¶ 5 In briefing the issue before the trial court, the parties relied on the version of § 23–1023(B) that existed before the legislature amended the statute in 2007. Under that statute, if an employee failed to pursue a claim within one year of the employee's injury, the claim was "deemed assigned" to the carrier. The employee could then pursue the claim only if the carrier reassigned it to the employee. Had the statute not been amended, the trial court would have been correct to grant Kiewit–Sundt summary judgment. Here, however, the parties and the trial court did not apply the 2007 amendments to the statute, which require a different outcome.

¶ 6 In the 2007 amendments, the legislature deleted the phrase "deemed assigned" and added provisions protecting the insurance carrier's right to recover against third parties:

B. If the employee *who is* entitled to compensation under this chapter-, or ~~his~~ *the employee's* dependents, ~~does~~ *do* not

1. SCF was renamed CopperPoint Mutual Insurance Company. *See* www.copperpoint.com (last visited January 17, 2014).

pursue ~~his or their~~ *a* remedy *pursuant to this section* against ~~such~~ *the* other person by instituting an action within one year after the cause of action accrues, ~~the claim against such other person shall be deemed assigned to the insurance carrier, or to the person liable for the payment thereof.~~ *or if after instituting the action, the employee or the employee's dependents fail to fully prosecute the claim and the action is dismissed, all of the following apply:*

*1. The insurance carrier or self-insured employer may institute an action against the other person.*

*2. Any dismissal that is entered for lack of prosecution of an action instituted by the employee or the employee's dependents shall not prejudice the right of the insurance carrier or self-insured employer to recover the amount of benefits paid.*

*3. If the statute of limitations of the claim is one year after the cause of action accrues, the insurance carrier or self-insured employer may file the action prior to one year after the cause of action accrues.*

*4.* ~~Such a~~ *The* claim ~~so assigned~~ may be prosecuted or compromised by the insurance carrier or the person liable for the ~~payment thereof,~~ *self-insured employer* or may be reassigned in its entirety to the employee or ~~his~~ *the employee's* dependents. After the reassignment, the employee *who is* entitled to compensation, or ~~his~~ *the employee's* dependents, shall have the same rights to pursue the claim as if it had been filed within the first year.

2007 Ariz. Sess. Laws, ch. 116, § 1 (1st Reg. Sess.) (strikeouts indicate deletions; underlining indicates additions). Because the "deemed assigned" language was deleted from § 23–1023(B), the employee's claim no longer passes by operation of law to the insurance carrier upon the employee's failure to bring an action within one year of the claim's accrual. Consequently, § 23–

1023(B)—as amended and applicable to Acosta's case—clearly and unambiguously does not require a reassignment for the injured employee to bring a claim.

¶ 7 Kiewit–Sundt nevertheless contends that the 2007 amendment did not eliminate the assignment to the insurance carrier. Kiewit–Sundt argues that the amendment merely expands an insurance carrier's rights by removing restrictive language that allowed the insurer to pursue a claim only after the one-year accrual date, and did not affect the assignment of claim to the carrier if the employee did not file a claim within one year of the accrual date. The amended statute does not support this interpretation.

¶ 8 Kiewit–Sundt correctly notes that the amended statute expands the carrier's rights. The amended statute allows the carrier to file its own action if the statute of limitations on the claim is one year or if the employee's action has been dismissed for lack of prosecution. Additionally, amendments to § 23–1023(C) require the employee to notify the carrier of any intention to sue a third party and to timely give the carrier notice of all pleadings and rulings in the case. The amended statute also allows the carrier to intervene in the case at any time. But this expansion is not inconsistent with removing the statutory assignment of the claim. Kiewit–Sundt fails to explain why deleting the "deemed assigned" language was necessary to otherwise expand the carrier's rights. The legislature could have expanded the carrier's rights without deleting the "deemed assigned" language.[2]

¶ 9 Kiewit–Sundt notes that subsection (B)(4) of the amended statute retains the terms "reassigned in its entirety" and "reassignment." It argues that a "reassignment" would not be needed if the claim had not already been "assigned." Whether those terms remain in the amended statute because of a drafting oversight, *see State v. Ovind,* 186 Ariz. 475, 478, 924 P.2d 479, 482

---

2. Kiewit–Sundt also argues that the amended statute limits an employee's ability to sue a third party to only one year after the claim accrues.

The amended statute, however, has no such limitation.

(App.1996) (statutory ambiguity "probably the result of an oversight in drafting"), or for some other reason, any inconsistency does not negate the clear deletion of the "deemed assigned" language. The 2007 amendments to subsection (B)(4) are consistent with the deletion of the "deemed assigned" language. Before the amendments, the "claim" referenced in subsection (B)(4) had been described as "such a claim so assigned"; in the amended statute, the "so assigned" language has been deleted and the "claim" is described simply as "the claim." 2007 Ariz. Sess. Laws, ch. 116, § 1 (1st Reg.Sess.). Even in (B)(4), where the legislature kept references to "reassignment," it deleted the reference to the initial assignment, further supporting an interpretation that the legislature eliminated the automatic assignment.[3]

¶ 10 Under the current version of § 23–1023, Acosta's claim was not deemed assigned to SCF. Consequently, no reassignment was necessary, and Kiewit–Sundt was not entitled to judgment as a matter of law.

### CONCLUSION

¶ 11 The court's ruling granting summary judgment to Kiewit–Sundt is reversed. We remand the matter to superior court for further proceedings.

---

**3.** Kiewit–Sundt also argues that § 23–1023's legislative history and committee reports demonstrate that the statute retains the same—or similar—meaning as it did before the amendments. Many forms of legislative history, such as committee reports and bill summaries, are of limited or no value when interpreting statutes. *See* Reed Dickerson, *Statutory Interpretation: Dipping into Legislative History*, 11 Hofstra L.Rev. 1125, 1130 (1983) ("In general, little legislative history is helpfully relevant. Much of it is unreliable or unreliably revealed."). But even if the legislative history Kiewit–Sundt proffers was reliable, using such history to contradict a statute's plain language is rarely appropriate. *State v. Hinden*, 224 Ariz. 508, 510, ¶ 9, 233 P.3d 621, 623 (App.2010) ("[I]f the statute's language is plain and unambiguous, we look no further.").